IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KARLA PATRICIA IRAHETA                 :

                                           :

   v.                                  :   Civil Action No. DKC 12-1426

                                           :

LAM YUEN, LLC ET AL                    :

**MEMORANDUM OPINION**

Presently pending and ready for review in this wage and hour law case is the motion to dismiss or, in the alternative, for summary judgment filed by Defendants Lam Yuen, LLC, Stan Lam, and Denis Lam. (ECF No. 7). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion – which will be construed as a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and 12(b)(7) – will be denied.

**I.  Background**

The following facts are alleged by Plaintiff Karla Patricia Iraheta in her complaint. During the period from March 28, 2003 through April 3, 2012, Plaintiff worked for Defendants as a "bakery prep and cook/utility person" at a bakery located at 12205 Nebel Street, Rockville, Maryland ("the Nebel Street Factory Bakery"). (ECF No. 1 ¶ 1). The Nebel Street Factory Bakery did not sell products to the general public but instead

functioned as the "factory/supplier" for a second bakery located at 1701 Rockville Pike #B, Rockville, Maryland ("the Rockville Pike Retail Bakery"). (*Id.*).

According to the complaint, Defendant Lam Yuen, LLC is a limited liability company organized under Maryland law that owns the Nebel Street Factory Bakery and operates it under the trade name of "Maria's Bakery Lite." Defendants Denis Lam and Stan Lam are both allegedly members, directors, officers, and owners of Defendant Lam Yuen, LLC. Collectively, Defendants also own the Rockville Pike Retail Bakery and operate it under the name of "Maria's Café and Bakery."

Plaintiff alleges that throughout her employment by Defendants, she regularly worked 72 hours per week, consisting of 12-hour shifts, six days per week. Her shifts did not include designated meal breaks. Defendants purportedly paid Iraheta in cash on a biweekly basis. Defendants never issued Iraheta any paystubs or W-2's. Defendants also never filed or paid any payroll taxes on Iraheta's behalf. Defendants purportedly followed these same practices for their "other Hispanic employees." (*Id.* ¶ 17).

From January 1, 2005 until her termination on April 3, 2012, Defendants paid Iraheta at a biweekly rate of $750.00 (*i.e.*, $375.00 per week). Based on this rate of pay, Plaintiff alleges that Defendants willfully and intentionally failed to

pay her the minimum and overtime wages she was due under federal and state law.  Specifically with respect to the period from May 9, 2009 to April 3, 2012, Plaintiff asserts that she was paid a total of $56,625.00 for 6,040 hours of regular work and 4,832 hours of overtime work.  Iraheta contends that, under the statutory minimum wage rate in effect for this time period ($7.25) and the corresponding overtime rate ($10.88), Defendants should have paid her $96,362.16 – a difference of $39,737.16.  Defendants also purportedly failed to pay Iraheta any amount for her last three days of work at the Nebel Street Factory Bakery, even though she earned $216.00 for working 36 hours.

On May 5, 2012, Iraheta filed this action, alleging that Defendants' actions violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); the Maryland Wage and Hour Law, MD Code Ann., Labor & Empl. §§ 3-401 *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law, *id.* §§ 33-501 *et seq.* ("MWPCL").  (ECF No. 1).  On July 27, 2012, Defendants moved to dismiss or, alternatively, for summary judgment.  (ECF No. 7).  Plaintiff timely opposed this motion (ECF No. 11), but Defendants did not file a reply.

**II.   Motion to Dismiss**

Defendants seek dismissal of Iraheta's complaint pursuant to both Fed.R.Civ.P. 12(b)(6) and 12(b)(7).[1]

**A.   Rule 12(b)(6) Motion**

**1.   Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v.*

---

[1] Defendants alternatively move for summary judgment pursuant to Fed.R.Civ.P. 56. As set forth in more detail below, however, summary judgment is not appropriate at this stage.

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

    2.  **Analysis**

Defendants advance two arguments in support of dismissing Plaintiff's complaint pursuant to Rule 12(b)(6).  First, they argue that Plaintiff cannot state a claim for relief against Defendant Lam Yuen, LLC because that entity never conducted any operations at the Nebel Street Factory Bakery and consequently

never employed Plaintiff. (ECF No. 7, at 4-5). Second, they contend that individual Defendants Stan Lam and Denis Lam should be dismissed from this action because they cannot be held personally liable under general principles of Maryland corporation law. (*Id.*). Plaintiff responds that Lam Yuen, LLC, is a proper defendant to this action and that the individual Defendants can be held personally liable under the FLSA, the MWHL, and the MWPCL. As set forth below, both of Defendants' arguments are meritless.

**a. Claims Against Defendant Lam Yuen, LLC**

In seeking dismissal of Plaintiff's claims against Lam Yuen, LLC, Defendant principally rely on a set of documents that purport to be records from the Maryland Department of Assessments and Taxation. (*See* ECF Nos. 7-1, 7-2, 7-3). According to Defendants, these exhibits establish that Lam Yuen, LLC was not formed until 2011, approximately nine years after Iraheta allegedly began working at the Nebel Street Factory Bakery – a fact that, in Defendants' view, precludes Lam Yuen, LLC, from being liable for any of the violations alleged in Plaintiff's complaint. (ECF No. 7, at 3-4). Defendants further contend that their exhibits establish that the proper defendant to Iraheta's claims is Victory International Incorporated ("Victory"), the entity that purportedly conducts all operations at the Nebel Street Factory Bakery. (*Id.*).

Defendants' reliance on these documents is misplaced because, in ruling on a Rule 12(b)(6) motion, a district court is generally "forbidden" from considering "evidence outside the pleadings." *Bosinger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). Documents attached to a motion to dismiss may be considered only if their authenticity is undisputed and they are "integral to and explicitly relied on in the complaint." *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222-23 (4th Cir. 2009); *see also Moreno v. EDCare Mgt., Inc.*, 243 F.R.D. 258, 260 (W.D. Tex. 2007) (in denying a Rule 12(b)(6) motion to dismiss an FLSA action, declining to consider a defendant's documentary evidence purporting to show its non-employer status where the exhibits were not relied on in the complaint).

Here, Iraheta's complaint does not refer to any documents regarding Lam Yuen LLC's corporate standing within the state of Maryland, nor does it make any reference to business licenses held by Victory. (*See generally* ECF No. 1). Thus, the exhibits to Defendants' motion will be disregarded, leaving only the allegations in the complaint to be considered. Among other things, Plaintiff alleges that Lam Yuen, LLC – alongside of the individual Defendants – employed her; failed to pay her in accordance with applicable minimum wage and overtime requirements; and failed to pay her at all for her final days of work. Defendants do not challenge the *sufficiency* of Iraheta's

allegations with respect to Defendant Lam Yuen, LLC, but instead seek dismissal based solely on evidentiary arguments (*i.e.*, that the evidence will ultimately show that Plaintiff was never employed by Lam Yuen, LLC). Accordingly, there is no basis for dismissing Lam Yuen, LLC pursuant to Rule 12(b)(6).[2]

### b. Claims Against Defendants Denis Lam and Stan Lam

Defendants also mistakenly argue that Plaintiffs' claims against Denis Lam and Stan Lam must be dismissed because individuals cannot be held personally liable for violations of the FLSA, the MWPCL, or the MWHL.

Among other things, the FLSA generally requires employers (1) to pay their employees in accordance with applicable minimum wage rates, *see* 29 U.S.C. § 206, and (2) to provide their employees with overtime compensation for all hours worked in excess of a forty-hour workweek, *see id.* § 207. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To decide whether an individual is an "employer" under this definition, "the economic realities

---

[2] Although Defendants urge that their motion can be converted into one for summary judgment in order to consider matters outside of the pleadings relevant to Lam Yuen, LLC and Victory (ECF No. 7, at 3), the court is not inclined to do so at this stage given the undeveloped state of the record. Moreover, even if they were considered, Defendants' exhibits would not conclusively establish that Lam Yuen, LLC cannot be held liable for the violations alleged in Iraheta's complaint.

of the relationship between the employee and the putative employer" must be examined. *Caseres v. S&R Mgt. Co., LLC*, No. 12-cv-01358-AW, 2012 WL 5250561, at *3 (D.Md. Oct. 24, 2012). The economic realities test looks to a number of factors, including whether the putative employer is someone who "(1) has the authority to hire and fire employees; (2) supervises and controls work schedules or employment conditions; (3) determines the rate and method of payment; and (4) maintains employment records." *Khalil v. Subway at Arundel Mills Office Park, Inc.*, No. CCB-09-158, 2011 WL 231793, at *2 (D.Md. Jan. 24, 2011). No single factor is dispositive; rather, the totality of the circumstances must be considered. *See*, *e.g.*, *Speert v. Proficio Mortg. Ventures, LLC*, No. JKB-10-713, 2011 WL 2417133, at *3 (D.Md. June 11, 2011). Accordingly, an individual defendant's status as a high-level corporate shareholder or officer does not necessarily impart "employer" liability to that individual; the analysis turns on the economic realities of the individual's relationship with the putative employee. *Pearson v. Prof'l 50 States Prot., LLC*, No. RDB-09-3232, 2010 WL 4225533, at *4 (D.Md. Oct. 26, 2010).

Given that MWHL is "the State parallel" to the FLSA, *Friolo v. Frankel*, 373 Md. 501, 513 (2003), it is appropriate to assess an individual's liability as an "employer" for overtime and minimum wage violations of the MWHL under the same economic

realities test used in the FLSA context, *see Caseres*, 2012 WL 5250561 at *4; *Khalil*, 2011 WL 231793, at *2.

The MWPCL, in turn, permits employees to recover treble damages when their employers do not pay them on a regular basis or promptly upon termination. *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662, 667 (D.Md. 2011). The MWPCL defines "employer" to include "any person who employs an individual in the State or a successor of the person." Md. Code Ann., Labor & Emp., § 3-501(b). This definition is more restrictive than either the FLSA or the MWHL as it does not expand employer liability to those acting on behalf of the employer. *Watkins v. Brown*, 173 F.Supp.2d 409, 416 (D.Md. 2011) (rejecting an interpretation of "employer" that would encompass supervisors, officers, or other agents acting on behalf of a corporate employer). Thus, for purposes of the MWPCL, the term "employer" must be interpreted in accordance with the "'commonly understood meaning of the term . . . , which contemplates some sort of contractual relationship involving the payment of wages in exchange for services.'" *Casares*, 2012 WL 5250561, at *4 (quoting *Watkins*, 173 F.Supp.2d at 416).

In her complaint, Iraheta alleges that both Stan Lam and Denis Lam are members, directors, officers and owners of Lam Yuen, LLC. (ECF No. 1 ¶¶ 3-4). Other than that, Plaintiff does not make any specific allegations with respect to actions

undertaken by Stan Lam or Denis Lam in their individual capacities. As set forth above, an individual's status as corporate officer is not, without more, sufficient to establish liability as an employer under the FLSA, the MWHL, or the MWPCL. *Pearson*, 2010 WL 4225533, at *4; *Watkins*, 173 F.Supp.2d at 416.

Iraheta does, however, allege that *all* Defendants collectively took the following actions: employed her as a "bakery prep and cook/utility person"; paid her in cash at a rate of $375.00 per week from January 1, 2005, until her termination in 2012, even though she regularly worked 72 hours per week at the Nebel Street Factory Bakery; willfully and intentionally failed to properly compensate her for the minimum and overtime wages to which she was entitled; failed to pay her at all for the last three days of work at the Nebel Street Factory Bakery; and failed to issue Iraheta any paystubs or other documentation stating her gross earnings and deductions for each pay period.[3]

Viewing the complaint in the light most favorable to Plaintiff, it will be presumed that these allegations apply equally to Denis Lam and Stan Lam in their individual

---

[3] The affidavit that Plaintiff includes in her opposition to buttress her allegations of individual liability against Denis Lam and Stan Lam (ECF No. 11-2) will not be considered because, as observed above, district courts generally are forbidden from considering evidence extrinsic to the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Bosiger*, 510 F.3d at 450.

capacities. *See Prof'l 50 States Protection, LLC*, 2010 WL 4225533, at *4 (in ruling on a Rule 12(b)(6) motion seeking dismissal of an individual FLSA defendant, "this Court will presume that all allegations made against the Defendants [collectively] also apply equally to [the individual Defendant] in his individual capacity"); *Caseres*, 2012 WL 5250561, at *4-5 (same). Construed as such, these allegations state a plausible claim for relief that Denis Lam and Stan Lam are individually liable as "employers" for violating the overtime and minimum wage provisions of the FLSA and the MWHL, as well as the provisions of the MWPCL requiring prompt payment of wages upon termination. Thus, Defendants' motion will be denied to the extent it seeks dismissal of the individual defendants.

**B.   Rule 12(b)(7) Motion**

**1.   Standard of Review**

Assessing a Rule 12(b)(7) motion to dismiss for failure to join a party under Fed.R.Civ.P. 19 requires a two-step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, it must be determined "'whether [the absent] party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." *Id.* In other words, it must be determined (1) if complete relief cannot be afforded in the person's absence; or (2) whether the person "claims an interest relating to the subject of the action" and

12

his absence may either (i) "impede the person's ability to protect that interest" or (ii) subject current parties to a "substantial risk" of incurring inconsistent obligations. Fed.R.Civ.P. 19(a). The movant bears the burden of showing that the absent person is necessary for a just adjudication. 5A Federal Practice & Procedure § 1359.

"If a party is necessary, it will be ordered into the action," so long as joinder does not destroy the court's jurisdiction. *Owens-Illinois*, 186 F.3d at 440. When joinder is infeasible, it must be determined "whether the proceeding can continue in [the party's] absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Id.* "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Id.* at 441.

### 2. Analysis

Defendants argue that dismissal of Plaintiff's complaint is warranted based on Iraheta's failure to join Victory as a defendant. (ECF No. 7, at 9). Specifically, Defendants contend that "[t]o the extent that Iraheta was employed—or had a contract—with any entity . . . it would have been with Victory" rather than Defendant Lam Yuen, LLC, and therefore it "logically follows" that Victory is an indispensable party whose joinder is

required. (*Id.*). Plaintiff responds that dismissal would be inappropriate because although "Victory may be an additional employer" of Iraheta's and thus a proper defendant, Victory is not a necessary (let alone indispensable) party because it "is not the one and only possible employer of Plaintiff." (ECF No. 11, at 12). Plaintiff has the better argument.

It is well-established that an FLSA employee may be employed by more than one employer at the same time, *see Schultz v. Capital Int'l Sec. Inc.*, 466 F.3d 298, 305 (4th Cir. 2006), in which case all employers are jointly and severally liable for FLSA violations, *Jacobsen v. Comcast Corp.*, 740 F.Supp.2d 683, 688 (D.Md. 2010). Rule 19 does not require the joinder of joint tortfeasors. *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). Rather, a joint tortfeasor is "merely a permissive party to an action against another with like liability." Fed.R.Civ.P. 19 advisory committee's note. Consistent with these principles, courts generally hold that where a plaintiff states an FLSA claim against a defendant who is alleged to be his employer, an unnamed co-employer is not a necessary party who should be joined under Rule 19(a). *See, e.g.*, *DeWitt v. Daley*, 336 B.R. 552, 556 (S.D.Fla. 2006); *Moreno*, 243 F.R.D. at 259-60; *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 149 (S.D.Ohio 2002).

Here, as set forth above, Iraheta's complaint states claims for relief under the FLSA against Defendants Yuen Lam, LLC, Stan Lam, and Denis Lam.  Assuming the truth of her allegations that all three of the current Defendants are "employers" under the FLSA (and therefore are jointly and severally liable for the alleged violations of the statute), complete relief can be afforded from the current Defendants without joining any additional co-employers, including but not limited to Victory. In addition, Defendants fail to show they would be subject to multiple or inconsistent obligations absent Victory's joinder. Therefore, Victory is not a necessary party under Rule 19(a) and its joinder is not required for this action to proceed. Accordingly, Defendants' motion will be denied to the extent it seeks relief under Rule 12(b)(7).[4]

**III. Conclusion**

For the foregoing reasons, the motion to dismiss or, in the alternative, for summary judgment filed by Defendants Lam Yuen, LLC, Stan Lam, and Denis Lam will be denied.  A separate order will follow.

                                           /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge

---

[4] Plaintiff is free to seek leave to amend her complaint pursuant to Fed.R.Civ.P. 15 in order permissively to join Victory as an additional defendant.