IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KARLA PATRICIA IRAHETA** | * | |
| Plaintiff, | * | Civil Action No. DKC-1426 |
| v. | * | |
| **LAM YUEN, LLC ET AL** | * | |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Defendants Lam Yuen, LLC, Denis Lam and Stan Lam. ("Lam Yuen", "Denis Lam", "Stan Lam" or "Defendants"), by and through its undersigned counsel, move for Summary Judgment--and alternatively for Partial Summary Judgment--concerning Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); Maryland Wage and Hours Law, Md. Code Ann. Lab. & Empl. Art. §§ 3-401, *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law §§ 3-501, *et seq.* ("MWPCL")., for an order as follows:

1.  Plaintiffs have failed to produce any evidence whatsoever support their general allegations in this case, and therefore, this Court must grant summary judgment generally in favor of Defendants;

2.  Defendants Stan Lam and Lam Yuen, LLC do not meet the definition of employer under the FLSA, MWHL and MWPCL;

3. Plaintiffs' prayer for liquidated damages on these claims must also fail as the undisputed evidence would not permit a reasonable jury to find that Defendants ever acted in bad faith;

4. Assuming *arguendo* that Defendants violated labor laws by not paying overtime, a two year statute of limitations applies as there is no evidence that employer's violation was willful; and,

5. Defendants are entitled to summary judgment on Count II--Plaintiffsøstate claimsô as the state claims are preempted by the FLSA;

In support of their Motion, Defendants incorporate the accompanying memorandum of Law, the exhibits thereto, and the Complaint and the Exhibits thereto.

Respectfully submitted,

Dated June 27, 20123              /s/                            ,
                                  Patrick S. Preller, Esq.
                                  Bar Number 27545
                                  The Preller Glass Law Firm, LLC
                                  218 E. Lexington Street, Suite 700
                                  Baltimore, Maryland 21202
                                  Phone 410-539-0042
                                  Fax 410-539-2955
                                  ppreller@prellerglass.com
                                  *Attorney for Defendants*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KARLA PATRICIA IRAHETA** | * | |
| Plaintiffs, | * | Civil Action No. DKC-1426 |
| v. | * | |
| **LAM YUEN, LLC ET AL** | * | |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVELY FOR PARTIAL SUMMARY JUDGMENT</u>**

COMES NOW Defendants Lam Yuen, LLC, Denis Lam and Stan Lam. ("Lam Yuen", "Denis Lam", "Stan Lam" or "Defendants"), by and through its undersigned counsel, and hereby submits this Memorandum in Support of its Motion for Summary Judgment and alternatively for Partial Summary Judgment concerning Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); Maryland Wage and Hours Law, Md. Code Ann. Lab. & Empl. Art. §§ 3-401, *et seq.* ("MWHL"); and the Maryland Wage Payment and Collection Law §§ 3-501, *et seq*. ("MWPCL"). For the reasons stated herein, the Court should grant Defendants' Motion for Summary Judgment.

## I. INTRODUCTION AND NATURE OF THE MATTER

Plaintiffs initiated this action against Defendants on May 10, 2012. Discovery is now complete and Defendants now bring this Motion for Summary Judgment. Plaintiff Karla Iraheta ("Plaintiff" or "Iraheta") alleges that she was employed by the Defendants as a "bakery prep and cook/utility person" from approximately March 28, 2003 thru April 3, 2012 at Defendants'Nebel

3

Street Bakery location. (See Amended Complaint at ¶ 1). Plaintiff Carolina Castillo ("Plaintiff" or "Castillo") alleges that she was employed by the Defendants as a "bakery prep and cook/utility person" from approximately September 15, 2006 thru November 14, 2012 at Defendants' Nebel Street location. (See Amended Complaint at ¶2). Plaintiffs further allege that this location is a factory/supplier that provides goods to the Rockville Pike location and makes deliveries to other locations. (See Amended Complaint at ¶ 1).

## II. STATEMENT OF UNDISPUTED FACTS

Defendants Lam Yuen, LLC ("Lam Yuen") and Stan Lam ("Stan Lam") have never had any business relationship with Plaintiffs. (See Lam Yuen's Answer to Interrogatory "ATI" 9 attached as **Ex. 1** and Stan Lam's ATI 5 attached as **Ex. 2**). Lam Yuen was formed on August 25, 2011– nine years after Iraheta's, and five years after Castillo's, employment allegedly began-- for purposes of operating new venture which never began operations. (See Corporate filings and records of the Maryland Department of Assessments and Taxation related to Lam Yuen attached as **Ex. 7**). Stan Lam does not know the Plaintiffs personally; he had never been introduced and did not know their names until he received the complaint. (See Stan Lam's ATI 5 attached as **Ex. 2**)**.** Stan Lam's only business interest is in Lam Yuen, LLC. (See Stan Lam's ATI 9 attached as **Ex. 2**). Due to economic reasons, Lam Yuen never opened for business; therefore, Lam Yuen never employed anyone. (See Lam Yuen's ATI 9 attached as **Ex. 1** and Lam Yuen's Responses to Requests for Production of Documents "RPD" ¶2 attached as **Ex. 5**).

While Defendant Denis Lam has an ownership interests in Maria's Cafe and Bakery located at 1701-B3 Rockville Pike, Maryland 20852, he does not have any ownership interests in Maria's Bakery Lite. (See Denis Lam's ATI 9 attached as **Ex. 3**). Maria's Bakery Lite is a trade

name that is owned by Lam Yuen, LLC.  Denis Lam is only listed as the Registered Agent for Lam Yuen.  (See Denis Lam's ATI 9 attached as **Ex. 3**).

Consequently, Plaintiffs were never employed with either Stan Lam or Lam Yuen.  To the extent that Plaintiffs were employed with any entity related to the allegations in the Complaint, it would have been with Victory International Incorporated ("Victory"), and not Defendants Stan Lam or Lam Yuen. (See Victory's SDAT filings attached as **Ex. 8** and Victory's Business License attached as **Ex. 9**).  (See also Answer to Amended Complaint ¶1).   All operations at Maria's Bakery are conducted solely by Victory, not Lam Yuen.  (See Victory's SDAT filings attached as **Ex. 8** and Victory's Business License attached as **Ex. 9**).  Consequently, because Stan Lam's only membership interests are in Lam Yuen, and Lam Yuen never had any employees, there is no evidence that would permit a reasonable jury to find that either Stan Lam or Lam Yuen ever employed the Plaintiffs.  (See Stan Lam's ATI 10 attached as **Ex. 2**).

Victory would have hired Plaintiff Iraheta on or about March 28, 2003.  (See Answer to Amended Complaint ¶15).  Victory would have hired Plaintiff Castillo on or about September 15, 2006.  (See Answer to Amended Complaint ¶26).   Iraheta was allegedly paid $750.00/bi-weekly beginning January 1, 2005 until termination.  (See Amended Complaint at ¶ 17). Plaintiff Castillo was allegedly paid $650.00/bi-weekly for the week of November 14 and November 15, 2009.  (See Amended Complaint ¶28).  Castillo was allegedly paid $700.00/bi-weekly from approximately November 16, 2009 thru June 13, 2012.  See Amended Complaint ¶28).  Castillo was allegedly paid $750.00/bi-weekly from approximately June 14, 2012 until termination.  (See Amended Complaint ¶28).

Plaintiffs have filed the Complaint in this matter to recover allegedly earned, but unpaid minimum and overtimes wages, liquidated damages, attorneys' fees, and costs for Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"); the Maryland Wage and Hours Law, Md. Code Ann. Lab. & Empl. Art. §§ 3-401, et seq. ("MWHL"); and the Maryland Wage Payment and Collection Law §§ 3-501, et sec. ("MWPCL") from related to her employment with Defendants.  (See introductory paragraph of Amended Complaint).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the record reveals that there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Once the movant has demonstrated the absence of any genuine issues of material fact, the burden shifts to the non-moving party to demonstrate the existence of a material factual dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  To meet this burden, the non-moving party "may not rest on mere allegations or denials," but must present specific evidence that shows "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986) (summary judgment may be granted if evidence "merely colorable" or "not significantly probative"); *Hill v. Lockheed Martin Logistics Mgmt.,* 354 F.3d 277, 283 (4th Cir. 2004). Moreover, in order to avoid entry of summary judgment, a non-moving party must establish more than a "mere scintilla of evidence" in support of her position. *Turley v. Costco Wholesale Corp.,* 220 Fed. Appx. 179, 181 (4th Cir. 2007) (citation and quotation omitted).   If the Court concludes that the plaintiff has not provided evidence that would permit a reasonable jury to return a verdict for the plaintiff, summary judgment in the defendant's favor is warranted. *See Evans v. Technologies App. & Serv. Co.,* 80 F.3d 954, 959 (4th Cir. 1996).

IV. **ARGUMENT**

A. **The Defendants Are Entitled To Summary Judgment Generally Because There Is No Genuine Issue Of Material Fact.**

When there is no genuine issue of material fact, the defendants are generally entitled to summary judgment.

> As the Supreme Court said in Anderson, supra, 477 U.S. at 247-48, 106 S.Ct. at 2509-10, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (Emphasis in original.) Thus, when a movant has carried its burden, the party opposing summary judgment "must do more than simply show there is some metaphysical doubt as to the material facts." Matsushita, supra, 475 U.S. at 586, 106 S.Ct. at 1356. In other words, the mere existence of a scintilla of evidence in support of the plaintiffs' claim is insufficient to preclude the grant of summary judgment; there must be evidence upon which the jury could reasonably find for the plaintiff. Anderson, supra, 477 U.S. at 252, 106 S.Ct. at 2512. We recognized in Clea v. City of Baltimore, 312 Md. 662, 678, 541 A.2d 1303 (1988), that while a court must resolve all inferences in favor of the party opposing summary judgment, "[t]hose inferences . . . must be reasonable ones."

*Beatty v. Trailmaster Prods., Inc.,* 330 Md. 726, 738-739, 625 A.2d 1005, 1993 Md.

"A material fact is a fact the resolution of which will somehow affect the outcome of the case." *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608, 614 (1985). In addition, "Mere general allegations which do not show facts in detail and with precision are insufficient to prevent summary judgment." *Beatty,* 330 Md. at 737.

Here, Defendants strongly deny the allegations made by the Plaintiffs and insist that Plaintiffs were paid all compensation, including overtime, owed to them. Indeed, Victory produced in discovery many of the time logs detailing Plaintiffs' hours, which flatly contradict Plaintiffs' allegations in their Amended Complaint. (See Victory's time card attached as **Ex. 10** and Excel Spreadsheet attached as **Ex. 11**). To date, Plaintiffs' have only made mere

allegations, both in their Amended Complaint and in response to Defendants' discovery requests. To date, Plaintiffs have failed to show any facts in detail or with the precision required to survive a Motion for Summary Judgment.  Not only are the allegations in the Amended Complaint insufficient, Plaintiffs' discovery responses simply reiterated the allegations in the Amended Complaint.  Plaintiffs' discovery responses failed to include any evidence whatsoever to support their allegations, and thus are insufficient to survive summary judgment in this case.  By way of example, when asked for exact dates in which she worked more than eight hours they responded with an overly generalized schedule mirroring allegations in the Complaint.  (See Plaintiff Iraheta's ATI 11 attached as **Ex. 4**).   When asked for any and all documents substantiating any claim or allegation in Plaintiff's Complaint, the Plaintiffs' indicated that they lacked any documentation. (See Plaintiffs' Response to RPD 9 attached as **Ex. 6**).

Likewise, in her responses generally to Defendants' interrogatories requesting details to support her allegations, Plaintiff Castillo simply re-alleges the allegations in the Amended Complaint, but fails to provide any documents or other evidence in support of her claims.  (See Plaintiff Castillo's ATIs generally attached as **Ex. 12**).   (See also Plaintiff's Responses to Defendant's Requests for Production of Documents attached as **Ex. 13**).   Consequently, Plaintiffs have failed to produce any evidence whatsoever support their general allegations in this case, and therefore, this Court must grant summary judgment generally in favor of Defendants.

**B.     Defendants Are Entitled To Partial Summary Judgment On The Following Issues:**

      **i.     Defendants Stan Lam and Lam Yuen, LLC are Not "Employers".**

Defendants Stan Lam and Lam Yuen do not meet the definition of employer under the FLSA, MWHL and MWPCL, which all define an "employer" as any person acting directly or

indirectly in the interest of an employer in relation to an employee. 29 U.S.C.A. § 203(d).  See also Md. Code Ann. Lab. & Empl. Art. §§ 3-401(b).   Maryland further defines "employ" as meaning "to engage an individual to work."  Md. Code Ann. Lab. & Empl. Art. §§ 3-101.  "Employ" includes "(i) allowing an individual to work and … (ii) instructing an individual to be present at a work site."  *Id.*

Lam Yuen was formed on August 25, 2011— nine years after Iraheta's, and five years after Castillo's, employment allegedly began-- for purposes of operating new venture which never began operations.  (See Corporate filings and records of the Maryland Department of Assessments and Taxation related to Lam Yuen attached as **Ex. 7**).  Stan Lam does not know the Plaintiffs personally; he had never been introduced and did not know their names until he received the complaint.  (See Stan Lam's ATI 5 attached as **Ex. 2**)**.**  Stan Lam's only business interest is in Lam Yuen, LLC.  (See Stan Lam's ATI 9 attached as **Ex. 2**).

In sum, Plaintiffs were never employed with either Stan Lam or Lam Yuen.  To the extent that Plaintiffs were employed with any entity related to the allegations in the Complaint, it would have been with Victory International Incorporated ("Victory"), and not Defendants Stan Lam or Lam Yuen. (See Victory's SDAT filings attached as **Ex. 8** and Victory's Business License attached as **Ex. 9**). (See also Answer to Amended Complaint ¶1).   All operations at Maria's Bakery— as referenced in the Complaint--are conducted solely by Victory, not Lam Yuen. *Id.* Stan Lam's only membership interests are in Lam Yuen, and Lam Yuen never had any employees.  (See Stan Lam's ATI 10 attached as **Ex. 2**). Consequently, there is no evidence that would permit a reasonable jury to find that either Stan Lam or Lam Yuen ever employed the Plaintiffs.

Victory is the only entity that could have hired Plaintiff Iraheta on or about March 28, 2003, and Plaintiff Castillo on or about September 15, 2006. (See Answer to Amended Complaint ¶15). (See also Answer to Amended Complaint ¶26). Lam Yuen never hired Plaintiffs nor did it employ Plaintiffs. In fact, Stan Lam and Lam Yuen have never employed anyone. Lam Yuen was merely a LLC registered in Maryland in 2011 that never actually engaged in any business. (See Plaintiffs' Response to RPD 9 attached as **Ex. 6**).

The Plaintiffs have not produced a scintilla of evidence that Lam Yuen or Stan Lam meet the definition of "employer" under the FLSA, MWHL or MWPCL. Therefore, Summary Judgment must be granted in favor of Defendants Lam Yuen and Stan Lam.

> **ii.** **Assuming *Arguendo* That The Court Finds That Plaintiffs Were Entitled To Overtime Under The FLSA, MWHL, or MWPCL, Plaintiffs Are Not Entitled To Liquidated Damages Because Defendants Acted In Good Faith.**

Assuming Defendants violated the FLSA by not paying overtime and/or minimum wages, Plaintiffs' prayer for liquidated damages on these claims must fail. The FLSA specifically provides that any employer that violates the provisions of Section 206 or Section 207 is liable to employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages. *See* 29 U.S.C. § 216(b). However, a court may "relieve the employer from liability for liquidated damages if the employer demonstrates that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [the employer's] act or omission was not a violation of the [FLSA].'" *Chao v. Self Pride, Inc.,* 2005 WL 1400740 (D. Md. June 14, 2005) (citing 29 U.S.C. § 260).

> An employer's "good faith" is not to be determined merely from the actual state of his mind ... "good faith" also depends upon an objective test-whether the

employer, in acting or omitting to act as he did, and in relying upon the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy, acted as a reasonably prudent man would have acted under the same or similar circumstances. "Good faith" requires that the employer have honesty of intention and no knowledge of circumstances which ought to put him upon inquiry.

29 C.F.R. § 790.15(a).

Plaintiffs have not produced any evidence that their employer acted in bad faith. In fact, the undisputed evidence supports the contrary. By way of example, Plaintiff Iraheta alleged pay ($750 bi-weekly) clearly reflects her employer's intent to pay overtime up to 47.8 hours in a week[1]. (See ¶ 17 of the Amended Complaint). At the minimum wage of $7.25 per hour, Iraheta could work 40 hours per week with an additional 7.8 hours of overtime before her employer would be required to pay any overtime (i.e. more than the $375 per week that she received). Because Iraheta was paid a salary of $375 per week, she could work up to $47.8 hours per week without her employer violating any labor laws. The evidence shows that many weeks Iraheta worked less than less than 40 hours per week, yet was still paid for working 47.8 hours. Victory produced in discovery time logs detailing many of Iraheta's hours, which flatly contradict Iraheta's allegations in the Amended Complaint. (See Victory's time card attached as **Ex. 10** and Excel Spreadsheet attached as **Ex. 11**). Moreover, at no time did Iraheta ever tell the Defendants that she was working more hours than what she was properly being compensated for working.

---

[1] $7.25 per hour (minimum wage) times 40 hours per week equals $290 (minimum required pay for a 40 hour week). Iraheta was actually paid $375 per week. $375 minus $290 equals $85 in pay over minimum wage. Thus, Iraheta could have worked an additional 7.8 hours per week at the overtime rate of $10.88 and her pay would still not violate state or federal law.

Castillo's alleged pay ($650, $700 and $750 respectively bi-weekly) likewise clearly reflects her employer's intent to pay some overtime each week[2]. (See ¶ 28 of the Amended Complaint). At no time did Castillo ever tell the Defendants that she was working uncompensated overtime hours or that she was not being paid minimum wage. In fact, after this lawsuit was filed by Iraheta, Victory instituted further measures to inform its employees of the labor laws in an effort to avoid any future violations. Indeed, Castillo actually acknowledged on some of her time cards that she "did not work overtime … did not work more than 8 hours per day … did not work more than 40 hours per week [and that] Maria's bakery did not owe me any overtime wage[s]." *Id.*

In sum, there is no evidence that Defendants had any knowledge that Plaintiffs were working too many hours. To the contrary, the undisputed evidence would not permit a reasonable jury to find that Defendants ever acted in bad faith. Because the undisputed evidence clearly shows Defendants were acting in good faith, Plaintiffs' prayer for liquidated damages on these claims must fail as a matter of law. Defendants request that summary judgment be granted in their favor on Plaintiffs' claims for liquidated damages.

> iii. **Assuming The Court Finds That Plaintiffs Were Entitled To Overtime Under The FLSA, MWHL, and/or MWPCL, A Two Year Statute Of Limitations Applies Because Defendants Did Not Willfully Violate Any Labor Laws.**

Assuming *arguendo* that Defendants violated labor laws by not paying overtime, a two year statute of limitations applies. Plaintiff incorporates the arguments *infra*. The FLSA's two-

---

[2] $7.25 per hour (minimum wage) times 40 hours per week equals $290 (minimum required pay for a 40 hour week). Castillo was initially paid $650 bi-weekly or $325 per week. $325 minus $290 equals $35 in pay over minimum wage. Thus, Castillo could have worked an additional 3.2 overtime hours per week at the overtime rate of $10.88 and her pay would still not violate state or federal law. A stronger argument can be made at Castillo's subsequent bi-weekly pay rates of $700 and $750.

year statute of limitations can be extended to three years only if the employer's violation was willful. *See McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988). However, to establish willfulness, the <u>Plaintiff has the burden to show that the employer either knew or showed reckless disregard</u> for the matter of whether its conduct was prohibited by the statute. *Id.* (emphasis added).

Plaintiffs have failed to meet this burden. While Plaintiffs allege in the complaint that Defendant acted either willfully or intentionally when violating statute, they provided absolutely no evidence that Defendants willfully or intentionally violated the FLSA. The Plaintiffs' pay was reasonably based on then existing state and federal labor standards.

In Count 1, Paragraph 35 of Plaintiffs' Amended Complaint, Plaintiffs allege that Defendants willfully and/or intentionally failed and/or refused to pay to Plaintiffs the minimum and overtime wages due and owed in violation of the FLSA for the term of their employment, 29 U.S.C. §§ 206 and 207. However, when Defendants asked Plaintiffs in discovery to state in detail how the defendant violated each section or subsection of the FLSA, during what period of time, and identify all documents which relate to each alleged violation, attaching a copy of any documents to your answers to the interrogatories, Plaintiffs responded by simply repeating their allegations that they were not paid minimum wage and owed overtime wages, but offered no documents— nor any other proof--to support their allegation that the Defendants acted willfully or intentionally.

Again, there is no evidence that Defendants "knew or showed reckless disregard" that Plaintiffs were working too many hours. The undisputed evidence would not permit a reasonable jury to find that Defendants "knew or showed reckless disregard."  Consequently, Defendants

are entitled to the two year statue of limitations. Defendants request that summary judgment be granted in their favor so that a two year statute of limitation applied to Plaintiffs' claims.

### iv. Summary Judgment Is Appropriate On Plaintiffs' Claims For Unpaid Overtime Under The Maryland Wage And Hour Law Because They Seek Compensation Under State Law For Overtime Pay Covered By The FLSA (Count I Of The Amended Complaint).

Assuming Plaintiffs claims under the FLSA are viable, Defendants are entitled to summary judgment in their favor on Plaintiffs' state claims. Plaintiffs' claims under FLSA are duplicative to – and thus preclude – Plaintiffs' claims under MWHL in Count II of the Amended Complaint and MWPCL. Viable FLSA claims are an exclusive remedy, and preclude state claims. State claims under the MWHL and MWPCL are preempted by the FLSA. *Anderson v. Sara Lee Corp.,* 508 F.3d 181 (4th Cir. 2007). *See also Martinez-Hernandez v. Butterball, LLC,* 578 F. Supp. 2d 816 (E.D.N.C. 2008).

In *Sara Lee,* the Fourth Circuit Court of Appeals dismissed plaintiffs' state law claims as duplicative of unpaid overtime claim under the FLSA. *Sara Lee,* 508 F.3d at 194. The gravamen of the *Sara Lee* decision is that the FLSA preempts state claims that are merely duplicative of those under the federal statute. *Id.* ("Our conclusion is consistent with the rulings of several district courts deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims.").

Pursuant to both the MWHL/MWPCL and the FLSA, Plaintiffs seek to recover the same amount of unpaid minimum and overtime wages. (See Amended Complaint, at ¶¶ 42 Page 10, 37 Page 11). However, the FLSA provides the exclusive remedies available to Plaintiffs for any alleged violation of its mandates. *See Sara Lee,* 508 F.3d at 194. *See also, Nimmons v. RBC Ins. Holdings (USA) Inc.,* 2007 WL 4571179 (D.S.C. Dec. 27, 2007) (dismissing as preempted by the

FLSA plaintiffs state claims alleging failure to pay overtime) (citing *Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988)); *Chen v. Street Beat Sportswear, Inc.,* 364 F. Supp. 2d 269, 293 (E.D.N.Y. 2005) (dismissing as duplicative state claims founded on same facts as plaintiffs' FLSA claims). Plaintiffs cannot simultaneously pursue claims under both the MWHL/MWPCL and the FLSA, as this would be a duplicative action and thus preempted by the FLSA. Thus, summary judgment must be granted in Defendants' favor as to Count II of the Amended Complaint.

## V. CONCLUSION

Plaintiffs have failed to produce any evidence whatsoever support their general allegations in this case, and therefore, this Court must grant summary judgment generally in favor of Defendants. Defendants are entitled to partial summary judgment on several issues. Defendants Stan Lam and Lam Yuen do not meet the definition of employer under the FLSA, MWHL and MWPCL. Plaintiffs' prayer for liquidated damages on these claims must also fail. Assuming *arguendo* that Defendants violated labor laws by not paying overtime, a two year statute of limitations applies. Finally, Defendants are entitled to summary judgment on Count II--Plaintiffs' state claims-- as the state claims are preempted by the FLSA.

For these reasons, this Court must grant summary judgment generally-- and partial summary judgment-- in favor of Defendants.

## REQUEST FOR HEARING

Defendants respectfully request a hearing on this Motion.

## AFFIDAVIT

I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the contents of the foregoing Motion are true and correct:

15

_____/s/_____  _____6-27-13_____
Stan Lam                 Date


____/s/_____   _____6-27-13_____
Denis Lam                Date


Dated June 27, 2013                    Respectfully submitted,

   /s/                        ,
Patrick S. Preller, Esq.
Bar Number 27545
The Preller Glass Law Firm, LLC
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone 410-539-0042
Fax 410-539-2955
ppreller@prellerglass.com
*Attorney for Defendants*


## NOTICE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of June, 2013, a copy of the foregoing was served, via first class mail, postage prepaid, on:

Jae S. Hwang, Esq.
Federal Bar No. 1776
Ki & Hwang, LLC
Attorneys and Counselors at Law
15800 Crabs Branch Way, Suite 310
Rockville, MD 20855
Tel: 240-477-7738
Fax: 240-715-9116
jhwang@ki-hwang.com

                               /s/                         ,
                              Patrick Preller