# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **KARLA PATRICIA IRAHETA ET AL.** | * | |
| **Plaintiff** | * | **Civil Action No. 8:12-cv-01426-DKC** |
| **v.** | * | |
| **LAM YUEN, LLC ET AL.** | * | |
| **Defendants** | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

TO:    Karla Patricia Iraheta, Plaintiff

BY:    Stan Lam, Defendant

COMES NOW THE Defendant Stan Lam by and through his attorney Patrick Preller, Esq., and answers Plaintiff Karla Patricia Iraheta's Interrogatories in accordance with the Federal Rules of Procedure, and without waiving any rights that it may have to the admissibility or relevancy of any information contained or alluded to herein.  The word usage and sentence structure is that of the attorneys and does not purport to be the exact language of the executing parties.  The information supplied by these Responses is not based solely on the knowledge of the executing party, but includes knowledge of the party's agents, representatives, and unless privileged, attorneys.

## GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent that they seek information or documents protected from discovery the by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.
2. Defendant objects to the Interrogatories to the extent that they seek information and documents reflecting information that is private, confidential, a trade secret, confidential business information, proprietary information or other similar information.

3. Defendant Objects to the Interrogatories to the extent that they purport to impose discovery obligations beyond those imposed by the Federal Rules of Civil Procedure, the case law there under or this Court's Order.

4. Defendant Objects to the Interrogatories to the extent that they seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to these Interrogatories, he does not concede that the documents provided are relevant to this litigation.

5. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, and to the extent that they call for information and documents, which are equally available to Plaintiffs.

6. Defendant responds to the Interrogatories to the best of his present knowledge as of the date of this response. Defendant specifically reserves the right to supplement, modify or vary its responses at a later date and to present relevant information or documents at trial if it covers additional facts or documents in discovery an/or as a result of further investigation.

7. Defendant objects to the Interrogatories to the extent that they seek information and documents already produced or to the extent the Request seeks information or documents of impeachment.

8. Whenever, in response to the Interrogatories, Defendant agrees or has agreed to produce documents, this shall not constitute a representation that such documents exist. This response only signifies that the documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

9. These objections are incorporated by reference into each response below, and each response is made without waiving these objections, or any other specific objection made to the request.

## ANSWERS TO INTERROGATORIES

1. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person.

**Denis Lam may have discoverable information (regarding Plaintiff's alleged employment) that contradicts Plaintiff's claims. No final decisions have been made as to trial witnesses, evidence or exhibits at this time.**

2. If you contend that Plaintiff made any admission against interest, state the substance of the admission, identify the communication concerning the admission, identify all documents that refer or relate to the admission, and identify all persons who have personal knowledge of the admission.

**None at this time.**

3.      Identify all persons who assisted you in the preparation your Answers to these Interrogatories.

**This party objects to the Interrogatory because the identity of any individual who prepared or assisted in the preparation of these interrogatories is not discoverable.   See e.g., <u>Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp.</u>, 153 F. Supp. 240, 244 (S.D.N.Y 1956) (it is proper to ask only for those with knowledge of relevant facts, not those who help prepare interrogatory answers); <u>United States v. National Steel Corp.</u>, 26 F.D.R. 599, 600 (S.D. Tex. 1960) (same); <u>Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc.</u>, 18 F.R.D. 379, 383 (S.D.N.Y.) (same).  Defendant further Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, Denis Lam and Patrick S. Preller, ESQ – Attorney**

4.      Describe in detail any communications (oral or written) that you have had with any person (other than your attorneys), including the Plaintiff, about any of the facts alleged in the Complaint, or your Answer thereto. To ödescribe in detailö within the meaning of this interrogatory includes identification of the persons with whom you had the communication, the date of the communication, the type of communication, and the substance of the communication.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.   To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, Denis Lam - oral discussion of each of the complaint items when I have received the complaint by mail in May of 2012.**

5.      Identify the date that you and Plaintiff, individually and/or collectively, met, and fully describe the circumstances of how you met, including, but not limited to, the persons who introduced you, persons who were present, and the content of any oral or written communication regarding the employment of the Plaintiff.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, I do not know the Plaintiff personally, and I do not recall any formal introduction to her from anyone in the past.  I got to know her name when I got this complaint in May of 2012.**

6.      Identify your relationship and with the other Defendants in the case, including their agents, representatives, businesses, or other persons or entities related to the employment of the Plaintiff alleged in the Complaint.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, Denis Lam is my dad, and he is listed as a Registered Agent for Lam Yuen, LLC.**

7.      Identify each person whom you expect to call as an expert witness at the trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion, and attach your answers any written report made by the expert concerning those findings and opinions.

**No final decisions have been made as to experts/trial witnesses/trial evidence/exhibits at this time.  Defendant specifically reserves the right to supplement, modify or vary this response at a later date and to present relevant information or documents as necessary to comply with discovery.**

8.      Identify and describe any interaction with the Plaintiff after her termination from employment on April 3, 2012 to include any and all telephone conversations, direct, and indirect conversations between you and Plaintiff or through an intermediary regarding her last paycheck and her employment.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, I have not contacted her directly or indirect.  The only action I have made was when I have received the complaint from her attorney, then I did the answer to the complaint to her attorney through my attorney.**

9.      Identify and fully describe any ownership of similar businesses and properties that you own that may be considered a joint enterprise or are similarly related to Maria's Bakery Lite located at 12205 Nebel Street, Rockville, Maryland 20852 and Maria's Café and Bakery at 1701 Rockville Pike #B, Maryland 20852.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this**

**Interrogatory, he does not concede that the information provided is relevant to this litigation.  Notwithstanding these objections and without waiving same, I do not have any ownership of any similar businesses beside Lam Yuen, LLC. Maria's Bakery Lite is a trade name that is owned by Lam Yuen, LLC.  Also, I do not have ownership interests in Maria's Cafe and Bakery at 1701 Rockville Pike #B, Rockville, Maryland 20852.**

10.     If it is your contention that you did not violate any Employment Laws stated in the Complaint, explain why you make such contention.

**I have not violated any employment laws.   I personally do not know the Plaintiff, I did not employ the Plaintiff as Lam Yuen, LLC employee, I did not pay her any salary like she stated on the complaint.  She did not work for me and did not work for Lam Yuen, LLC during the period of 2003-2012 as stated on the complaint.**

11.     Please identify any civil or criminal action, including but not limited to if you have ever filed for bankruptcy, in which you have been involved as either a plaintiff or defendant in a civil action, or the victim or complaining witness in a criminal action. Your answer should include but not be limited to case number, court in which the case was filed, a short description of the cause of action or offense and the outcome of the lawsuit.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation.  Defendant further objects to the form of the question.  Notwithstanding these objections and without waiving same, I did not have any civil or criminal action and did not file any bankruptcy in the past.**

12.     Please provide your full name, any former name by which you have been known, any other name used by you, including pseudonyms, your birth date, your place of birth, present address, martial status, and social security number.

**This party objects to the Interrogatory because the identity of any individual who prepared or assisted in the preparation of these interrogatories is not discoverable.   See e.g., <u>Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp.</u>, 153 F. Supp. 240, 244 (S.D.N.Y 1956) (it is proper to ask only for those with knowledge of relevant facts, not those who help prepare interrogatory answers); <u>United States v. National Steel Corp.</u>, 26 F.D.R. 599, 600 (S.D. Tex. 1960) (same); <u>Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc.</u>, 18 F.R.D. 379, 383 (S.D.N.Y.) (same).   Defendant further Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the**

**information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, Full Name: Stan Lam, Stanley Lam, Ka Man Lam.**

      13.    Identify all exhibits you intend to introduce at trial.


**Defendant objects to the Interrogatory to the extent that it seeks information or documents protected from discovery the by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges. Without waiving such objection, no final decisions have been made as to trial exhibits at this time.   Plaintiff has sued the wrong entity.  In the event this Defendant is still a Defendant at trial, all documents exchanged by the parties in discovery.**


I affirm to the best of my present knowledge as of the date of this response that the foregoing is true to the best of my knowledge, information and belief.


_____
Stan Lam

**KARLA PATRICIA IRAHETA ET AL.**   *

    **Plaintiff**     *     **Civil Action No. 8:12-cv-01426-DKC**

**v.**     *

**LAM YUEN, LLC ET AL.**   *

    **Defendants**     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF SERVICE</u>

       I HEREBY CERTIFY that on this _____ day of April, 2013, a copy of Defendant Stan Lam's Answers to Defendant Ireheta's Interrogatories were mailed, postage prepaid, to:

/s/ Jae Hwang_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang, LLC
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com
*Attorney for Plaintiffs*

 

                         _____
                         Patrick S. Preller, Esquire
                         The Law Office of Patrick S. Preller
                         218 E. Lexington Street, Suite 700
                         Baltimore, Maryland 21202
                         Phone: (410) 539-0042
                         Fax: (410) 539-2955
                         Email: ppreller@prellerlawfirm.com
                         *Attorney for Defendants*