IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA | * | |
| Plaintiff, | * | Civil Action No.: 8:12-cv-01426-DKC |
| v. | * | |
| LAM YUEN, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff Karla Patricia Iraheta ("Iraheta" or "Plaintiff") Answers the Interrogatories of Defendant Lam Yuen, LLC as follows:

### GENERAL RESPONSES

Plaintiff objects to the instructions and definitions contained in Defendant's Interrogatories to the extent that, as applied to specific discovery requests, they cause the requests to be overly broad and global, vague and ambiguous, unduly burdensome, and to seek information, in part, protected from disclosure by the attorney-client, work product, party communications, investigative, and consulting expert privileges.

Plaintiff further objects that the Interrogatories, including discrete subparts, far exceed the permissible number of Interrogatories permitted under Federal Rule 33.

### SPECIFIC RESPONSES

Subject to and without waiving these general responses, Plaintiffs respond to the specific Interrogatories as follows:

#### "Identification"

Interrogatory No. 1: State your full name, any other name by which you have been known and the circumstances surrounding name, social security number, age, present address and telephone number and the full names of all persons residing with you, stating their

relationship to you.

Answer: Karla Patricia Iraheta, 11801 Ashley Drive, Rockville, Maryland 20852. Reside at this address with my family. Plaintiff objects to the remainder of this Interrogatory as invasive of privacy and irrelevant to the allegations or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 2: Identify any and all documents that you have used to help you answer any of these Interrogatories

Answer: None.

**"Positions Held"**

Interrogatory No. 3: Identify each position you have held for the past 10 years, setting forth for each position identified:

a. The name of the office and component in which the position was organizationally located;
b. Identify each individual who was in the supervisory chain of command; and
c. A brief description of the duties of the position

Answers: I have held the position of "bakery prep and cook/utility person."

a. Defendants' Nebel Street bakery location, 12205 Nebel Street, Rockville, Maryland 20852.
b. Denis Lam, Stan Lam, and Lam Yuen, LLC were among the supervisory chain of command.
c. Duties included, but were not limited to, washing and cutting fruits and vegetables, cleaning, baking pastries, unloading deliveries, mopping floors, taking out the garbage, and other work related to food preparation and maintenance of the bakery factory.

Interrogatory No. 4: For each Defendant named in the Complaint, identify each section and subsection of the Fair Labor Standards Act of 1938, as amended, that such defendant is alleged to have violated. State in detail how the defendant violated each section or subsection, during what period of time, and identify all documents which relate to each alleged violation, attaching a copy of any documents to your answers to these interrogatories.

Answer: All Defendants willfully and/or intentionally failed and/or refused to pay to Plaintiff the minimum and overtime wages due and owed in violation of the FLSA for the term of her employment from approximately May 9, 2009 thru April 3, 2012, 29 U.S.C.§§ 206 and 207. At all times material to this action, Defendants operated a "single enterprise" constituted of the Nebel Street bakery factory location and the Café at the Rockville Pike location through related activities, performed under unified operations or common control, for a common business purpose, whether performed in one or more

establishments or by one or more corporate or other organizational units within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). Plaintiff qualifies for individual coverage under the FLSA because her work regularly involved production of goods for interstate commerce. The products created from the bakery factory were transported out of state. Defendants actions were taken with willful disregard for the rights of Plaintiff under the FLSA and Plaintiff suffered a loss of wages therefrom. At all times material to the allegations set forth herein, Defendants were "employers" of Plaintiff within the meaning of the FLSA. At all times material to the allegations set forth herein, Defendants were an "enterprise" engaged in commerce or otherwise engaged in commerce within the meaning of the FLSA. At all times material to the allegations set forth herein, Plaintiff was an "employee" in the "employ" of Defendants within the meaning of the FLSA. Defendants are liable to Plaintiff for her unpaid minimum wage and overtime compensation, plus an additional amount as liquidated damages, plus reasonable attorney's fees and costs for the amount of unpaid minimum and overtime wages due to Plaintiff pursuant to 29 U.S.C. §§206, 207 and 216(b) in the amount of **$39,998.16** for employment from May 9, 2009 thru April 3, 2012; for an additional amount of liquidated damages equal to the unpaid minimum and overtime wages of **$39,998.16** pursuant to 29 U.S.C. § 216(b); and for Plaintiff's reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b);

Interrogatory No. 5: For each Defendant named in the Complaint, identify each section and subsection of the Maryland Wage and Hours Law, MD Code, Labor & Employment Article §§3-401, et seq. ("MWHL") and Maryland Wage Payment and Collection Law, MD Code Labor and Employment Article, §§3-501, et seq. ("MWPCL") which the defendant is alleged to have violated. State in detail how the defendant violated each section or subsection, during what period of time, and identify all documents which relate to each alleged violation, attaching a copy of any documents to your answers to these interrogatories.

Answer: All Defendants were obligated to pay Plaintiff all wages earned for the work she performed and to pay the statutory minimum and overtime wages for such work. MD Code Lab. & Empl. Art. §§ 3-413; 3-415. Defendants failed and refused to pay the required minimum and overtime wages and owed Plaintiff those wages earned for the work she performed. More than two weeks have elapsed from the date on which the Defendants were required to have paid the wages. Defendants may not deduct wages of Plaintiff unless explicitly authorized by Md. Code Ann., Lab. & Empl., § 3-501, et seq. Defendants were further obligated to provide a statement of gross earnings and deductions from gross earnings for each pay period, MD Code Lab. & Empl. Art. §3-504(2). Defendants failure and refusal to pay the required minimum and overtime wages due; and failure to provide a statement of gross earnings and deductions to Plaintiff was not the result of any bona fide dispute between Plaintiff and Defendants. At all times material to the allegations set forth herein, Defendants were "employers" within the meaning of the MWHL and MWPCL. At all times material to the allegations set forth herein, Plaintiff was an "employee" in the "employ" of Defendants within the meaning of the MWHL and MWPCL. Defendants owe Plaintiff for the amount of unpaid minimum and overtime wages due to Plaintiff in the amount of **$39,998.16** for employment from May 9, 2009 thru April 3, 2012 pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2(a); for three times the minimum and overtime wages in the amount of **$119,994.48** that Defendants failed to pay Plaintiff pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2(b); and for attorney's fees, costs, and expenses of this action as a result of Defendants' failure to pay Plaintiff pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2(b);

Interrogatory No. 6: Does the plaintiff allege that the acts and omissions complained of in the Complaint constitute "willful violations" within the meaning of 29 U.S.C. § 225, and, if so, for each Defendant named in the Complaint, set forth each fact which forms the basis, wholly or in part, for the allegation. With respect to your answer, state:

a. The specific fact in detail;
b. The date or period of time of the facts;
c. The location or place of the facts;
d. The identity of each person having knowledge of the fact;
e. The identity of all documents which relate to the allegation, and attach a copy of any documents to your answers to these interrogatories; and
f. The identity of each person who has knowledge thereof.

Answers: See Answer to Interrogatory No. 4.

Interrogatory No. 7: With respect to any agreements entered into with Defendant, state: whether the agreement was oral or written, when the agreement was entered into and the place of making of the contract, the duties of each party under agreement, the identity of each person present at the time the agreement was entered into, please include in your answer the date, time and place of all communications, actions, transactions, events on which your understanding of the contract relies and please identify each party whom you contend acted, communicated and/or contributed in any way to your understanding of the contract. Attach any copies of your answers to these interrogatories.

Answer: At all relevant times, Plaintiff and all Defendants had agreement of employee-employer at the commencement of Plaintiff's employment and throughout until her termination.

Interrogatory No. 8: For each contract identified in a previous interrogatory, state whether that contract or agreement in any way modified or changed? If so, please state; which contract was modified, whether the modification was written or oral; if written, attach a copy thereof to your answers to these interrogatories, the nature of all modifications or changes made, the date that each modification or change was agreed upon, the names and addresses of all persons present when each modification or change was agreed upon. Attach any copies of your answers to these interrogatories.

Answer: The agreement was not modified or changed.

"Witness, Name of"

Interrogatory No. 9: Identify all witnesses which you anticipate calling in the trial of this case. With respect to each witness, state:

a. The name and address of the witness;
b. The name and address of each person by whom the witness is employed, and the

nature of the witness' position; and

c. A concise, but complete, description of the testimony anticipated by you from the witness.

Answers: Plaintiff objects to this Interrogatory in that it asks for information not yet definitely reached by Plaintiff and in anticipation of trial, which is on-going. Notwithstanding the objection, Plaintiff expects that Plaintiff and co-Plaintiff, Carolina Castillo, and Defendants Denis Lam and Stan Lam, will testify at trial to the matters alleged in the Complaint. Plaintiff expects some other co-workers who worked with Plaintiff and/or Castillo to also testify as the matters alleged in the Complaint; however, no individual has yet been identified. Plaintiff will supplement this Answer when other witnesses are identified.

**"Worker's Compensation Claims"**

Interrogatory No. 10: State whether you have ever, within the relevant time period, made any worker's compensation claims, and, if so, set forth each fact which formed the basis, wholly or in part, for the claim. With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the facts;
c. The location or place of the facts;
d. The identity of each person have knowledge of the facts;
e. The identity of all documents which related to the claim; and
f. The identity of each person who has knowledge thereof.

Answers: No.

**"Excess Hours Worked --Identification"**

Interrogatory No. 11: For each instance on which you worked hours in excess of eight (8) hours in a day or forty (40) hours in a week, specify:

a. The number of hours worked;
b. The date when the hours were worked;
c. Whether the work was performed on a Sunday or Holiday
d. The type of work involved;
e. The time of day or night that the hours were worked;
f. The name, address and position of each individual who ordered or approved of the hours worked;
g. The method by which the order or approval was conveyed;
h. If the order or approval was written or verbal, recite in detail the words used;
i. If the order or approval was other than written or verbal, describe how the order or approval was conveyed to you;

j. Whether the order or approval was given before or after you performed the work;
k. Whether the individual who ordered or approved the hours worked instructed or directed you as to when and/or where to perform the work; and
l. Whether the individual who ordered or approved the hours worked instructed or directed you as to how many hours you should or must spend performing the work.

Answers: Plaintiff worked a regular schedule of a total of 72 hours per week with no designated meal breaks during the workday as mandated and directed by all Defendants. Iraheta worked the following schedule each week during the term of her employment by all Defendants:

Mon: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Tues: Off
Wed: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Thur: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Fri: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Sat: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Sun: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*

Total Scheduled Hours of 72 hours/per week.
* Includes 2 hours per day of uncompensated work.

During the first three months of her employment (Approx. March 28 thru June 28, 2003), Iraheta was paid a total of $600.00/bi-weekly. Beginning her fourth month, (Approx. July 28, 2003) she was paid $650/bi-weekly. Beginning January 1, 2004, Iraheta was paid $700/bi-weekly. Beginning January 1, 2005 until termination, Iraheta was paid $750/bi-weekly. Iraheta was always paid in cash. Defendants did not issue Iraheta a paystub or any other documentation along with the actual cash. Defendants have never issued Iraheta a W-2 and have never filed or paid payroll taxes including social security, unemployment, etc. Defendants also employ other Hispanic employees and also pay cash without issuing paystubs or other documentation. Iraheta was not paid minimum and overtime wages from March 28, 2003 thru April 3, 2012. For work Iraheta performed on or after July 24, 2009, the federal minimum wage was $7.25 per hour. Consequently, her overtime rate was $10.88 (rounded). Iraheta worked 151 weeks and 3 days from May 9, 2009 thru April 3, 2012. Iraheta's minimum wage and overtime is calculated as follows:

**HOURS WORKED:**
151 weeks x 72 hours worked = 10,872 hours.
151 weeks x 40 hours worked = 6,040 hours.
**Total regular hours worked: 6,040 hours.**
**Total overtime hours worked: 4,832 hours.**

Iraheta was paid $750.00 bi-weekly; thus, $375.00 per week. She was paid a total of **$56,625.00** total for 151 weeks of work. ($375 x 151 weeks = $56,625.00) Iraheta's pay should have been paid the following amounts:

MINIMUM WAGE: 6040 hours at $7.25 = $43,790.00
OVERTIME WAGE: 4832 hours at $10.88 = $52,572.16
Total Minimum Wage and Overtime = **$96,362.16**

Iraheta is due a total of **$39,737.16** in earned, but unpaid minimum and overtime wages, which is derived from the total minimum and overtime wages due of $96,362.16 minus the actual receipt of $56,625.00. Defendants also failed to pay Iraheta for her last 3 days of work. Iraheta worked a total of 36 hours: 36 x $7.25 = **$261.00**. Iraheta is therefore due a **total of $39,998.16** ($39,737.16 + $261.00) in earned, but unpaid minimum and overtime wages for the duration of her employment by Defendants from May 9, 2009 thru April 3, 2012.

**"Requests for Overtime"**

Interrogatory No. 12: During the time that you were or have been employed with the defendant employer, state whether you have ever requested overtime pay, and, if so, set forth:

a. The name, address and position of each individual to whom you made your request;
b. Whether you made your request in writing or verbally;
c. The response provided by the individual(s) to whom you made your request;
d. Whether the response given to you was verbal or in writing;
e. Whether you were given overtime pay on that occasion and, if you were, the name, address and position of each individual who authorized the payment;
f. If you were not given overtime pay, any reason given by anyone for not providing you with overtime pay;
g. A description of the type of work for which you requested overtime pay;
h. The name, address and position of each individual who ordered or approved the overtime work;
i. The hours of the day or night that the overtime work was performed;
j. The date when the overtime work was performed; and
k. All reasons that the work was performed on the date and at the time specified above rather than during your regularly scheduled hours.

Answers: I did not request overtime. I worked overtime as mandated, scheduled, ordered and assigned by all Defendants.

Interrogatory No. 13: If the answer to the preceding interrogatory is in the negative, explain why you never requested overtime pay.

Answer: Plaintiff objects to this Interrogatory as irrelevant to any action or defense in this case and is not reasonably calculated to lead to the discovery of admissible information.

**"Receipt of Overtime Payment"**

Interrogatory No. 14: During the time that you were or have been employed by the defendant employer, state whether you have ever received any overtime pay, and, if so, set forth:

a. A description of the type of work for which you were granted overtime pay;
b. The name, address and position of each individual who ordered or approved the overtime work;
c. The hours of the day or night that the overtime work was performed;
d. The date when the overtime work was performed; and
e. All reasons that the work was performed on the date and at the time specified above rather than during your regularly scheduled hours.

Answers: I was not paid or ever received overtime pay for which I worked.

**"Compensatory Time"**

Interrogatory No. 15: During the time that you were or have been employed by the defendant employer, state whether you have ever requested compensatory time off ("comp. time") in lieu of overtime pay or otherwise as a result of your having worked overtime, and if so, set forth:

a. The name, address and position of each individual to whom you made your request
b. Whether you made your request in writing or verbally;
c. The response provided by the individual(s) to whom you made your request
d. Whether the response given to you was verbal or in writing;
e. Whether you were given comp. time off on that occasion and, if you were, the name, address and position of each individual who authorized the comp. time;
f. How much overtime you had worked on that occasion;
g. How much comp. time were you allowed to take off;
h. If you were not given comp. time off, any reason given by anyone by anyone for not providing you with comp. time;
i. A description of the type of work for which you worked overtime and requested comp. time off;
j. The name, address and position of each individual who authorized or approved your use of comp. time;
k. The hours of the day or night that the overtime work was performed; and
l. The date that the overtime work was performed.

Answers: No.

Interrogatory No. 16. If the answer to the preceding interrogatory is in the negative, explain why you never requested compensatory time in lieu of overtime pay.

Answer: I was due overtime pay.

**"Receipt of Compensatory Time"**

Interrogatory No. 17: During the time that you were or have been employed by the defendant employer, state whether you have ever taken or received any comp. time in lieu of overtime pay or otherwise as a result of your having worked overtime, and, if so, set forth:

    a. A description of the type of work for which you took or were granted comp. time off;

    b. The amount of overtime you had worked on the occasion for which you took or were granted comp. time off;

    c. The name, address and position of each individual, if any, who authorized or approved your use of comp. time;

    d. If no one authorized or approved the use of comp. time, the reason why you believed that you were entitled to take off comp. time;

    e. How much comp. time off you took or were allowed to take off; and

    f. The date(s) that the comp. time off was taken.

Answers: No.

**"Excess Meal Breaks"**

Interrogatory No. 18: During the time that you were or have been employed by the defendant employer, state whether you ever took or have ever taken a meal break during which you performed no work and which was in excess one half hour without utilizing leave time, and, if so, for each instance when you took a work-free meal break in excess of one half hour without utilizing leave, set forth:

    a. The date when this occurred;

    b. How long your meal break was; and

    c. Whether you began work earlier than your regular twelve (12) hour day or finished work after your regular twelve hour day on the same day.

Answers: No.

**"Late Arrival/Early Departure"**

Interrogatory No. 19: During the time that you were or have been employed by the defendant employer, state whether you have ever either arrived later than the beginning of your basic twelve (12) hour day or left earlier than the end of your basic twelve (12) hour day without taking leave, and, if so, for each instance when you either arrived later or left earlier, set forth:

    a. The date when this occurred;

**"Personal Time Taken During Work Day"**

Interrogatory No. 20: During the time that you were or have been employed by the defendant employer, state whether you have ever spent time during the course of your basic twelve (12) hour day not performing work for the defendant employer (e.g., attending to any personal business without taking leave), and, if so, for each instance that you spent attending to personal business, set forth:
 a. The date when this occurred;
 b. How much time you spent exercising or attending to personal business; and
 c. Whether you also began work earlier than your basic twelve (12) hour day or finished work after your basic twelve (12) hour day on that same day.

Answers: I arrived late to work one time for 20 minutes. About three years after I started working there.

 b. How much later you arrived or how much earlier you left; and
 c. Whether you also began work earlier than your basic twelve (12) hour day or finished work after your basic twelve (12) hour day on that same day.

Answers: No.

Interrogatory No. 21: State the name of any person whom you propose to call as an expert witness in this proceeding, specifying the field of his or her expertise, the subject matter on which the expert is expected to testify, the substance of the findings and the opinions to which he or she is expected to testify, and a summary of the grounds of each opinion.

Answers: None.

**"Other Documents"**

Interrogatory No. 22: To the extent not already identified in response to these interrogatories, identify all documents that refer or relate in any way to the issues in this litigation, and attach copies of each to the answers to these interrogatories.

Answers: None

Interrogatory No. 23: State whether you have within your possession or control photographs, documents or objects connected with the said occurrence; specify in your Answer which such items you possess or over which you have control. (Please provide copies of any documents identified).

Answers: None.

Interrogatory No. 24: Identify each person, other than counsel, who provided information or assisted you with respect to the preparation of the answers to the foregoing interrogatories, and identify the specific

Answer: None.

[signatures on following page]

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES ARE TRUE AND ACCURATE UPON MY PERSONAL INFORMATION, KNOWLEDGE AND BELIEF AT THE TIME SUCH RESPONSES WERE MADE.

_____
Plaintiff Karla Patricia Irabeta

DATED this 6th day of May 2013.

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 7th day of May, 2013, a copy of the foregoing Plaintiffs' Answers to Interrogatories was sent via first class mail, postage pre-paid, to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

*Attorneys for Defendants*

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com