IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)


KARLA PATRICIA IRAHETA ET AL.    *

    **Plaintiff**    *   Civil Action No. 8:12-cv-01426-DKC

v.    *

LAM YUEN, LLC ET AL.    *

    **Defendants**    *

*   *   *   *   *   *   *   *   *   *   *   *


### DEFENDANT LAM YUEN, LLC'S RESPONSES TO PLAINTIFF IRAHETA'S REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Karla Patricia Iraheta, Plaintiff

BY:    Lam Yuen, LLC, Defendant

    COMES NOW THE Defendant Lam Yuen, LLC by and through its attorney Patrick Preller, Esq., and responds to Plaintiff Karla Patricia Iraheta's Request for Production of Documents in accordance with the Federal Rules of Civil Procedure, and without waiving any rights that he may have to the admissibility or relevancy of any information contained or alluded to herein. The word usage and sentence structure is that of the attorneys and does not purport to be the exact language of the executing parties. The information supplied by these Responses is not based solely on the knowledge of the executing party, but includes knowledge of the party's agents, representatives, and unless privileged, attorneys.

### GENERAL OBJECTIONS

1.    Defendant objects to the Document Requests to the extent that they seek documents or information protected from discovery by the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, or any other applicable privileges.

2.      Defendant objects to the Document Requests to the extent that they seek documents reflecting information that is a trade secret, confidential business information, proprietary information or other similar information.

3.      Defendant Objects to the Document Requests to the extent that they purport to impose discovery obligations beyond those imposed by the Maryland Rules of Civil Procedure, the case law there under or this Court's Order.

4.      Defendant Objects to the Document Requests to the extent that they seek information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to these Document Requests, he does not concede that the documents provided are relevant to this litigation.

5.      Defendant objects to the Document Requests to the extent that they are vague, ambiguous, overly broad, and/or unduly burdensome, and to the extent that they call for documents, which are equally available to Plaintiffs.

6.      Defendant responds to the Document Requests to the best of its present knowledge as of the date of this response. Defendant specifically reserves the right to supplement, modify or vary its responses at a later date and to present relevant information or documents at trial if it covers additional facts or documents in discovery an/or as a result of further investigation.

7.      Defendant objects to the Document Requests to the extent that they seek documents already produced to Plaintiffs, or to the extent the Request seeks documents of impeachment.

8.      Whenever, in response to the Document Requests, Defendant agrees or has agreed to produce documents, this shall not constitute a representation that such documents exist. This response only signifies that the documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure.

9.      These objections are incorporated by reference into each response below, and each response is made without waiving these objections, or any other specific objection made to the request.

## RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Defendant's corporate by-laws or operating agreement, articles of incorporation or organization, minutes of shareholders meetings for the past two (3) years, stock certificates (or other documents evidencing ownership).

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this document request, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, see the following documents attached as:**

       **Exhibit 1**    **Articles of Organization of Lam Yuen, LLC**
       **Exhibit 2**    **Letter from SDAT confirming Acceptance of Filing**
       **Exhibit 3**    **Trade Name Application regarding Maria's Bakery Lite**

   2. Any insurance agreement(s) under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered on the action or to indemnify or reimburse for payments made to satisfy the judgment showing state the name of the insurance carrier, what claims are covered, and the limits of coverage.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, Lam Yuen, LLC has no insurance agreement since the business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason.**

   3. All documents to or from you and Plaintiff, including, but not limited to, employee handbooks, time and payroll records, paystubs, memorandums, e-mails, letters, handwritten notes, and all other documents relevant to this request.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, Lam Yuen, LLC did not employ the Plaintiff, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not Lam Yuen, LLC employee.**

   4. Any calendars, day timers, logs, appointment books, diaries, notes, or similar documents kept by you for the past three (3) years to the present relating to any of the claims in the Complaint, your Answer thereto, or Plaintiff.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. The business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason. See the attached Filing Acceptance letter was dated on 08/25/2011 for the company Lam**

**Yuen, LLC being formed but the Plaintiff's claim, she had been working for Lam Yuen, LLC since the year of 2003.**

5.  Any documents which evidence, refer to, reflect or relate to any communications between you and any person, including, but not limited to, the Plaintiff, about any of the facts that gave rise to or are referred in the Complaint or your Answer thereto.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation.  Notwithstanding these objections and without waiving same, none.  The business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason.  See the attached Filing Acceptance letter was dated on 08/25/2011 for the company Lam Yuen, LLC being formed but the Plaintiff's claim, she had been working for Lam Yuen, LLC since the year of 2003.  This should prove Plaintiff has been complained to the wrong entity.**

6.  All statements (whether written, transcribed, or otherwise taken, signed, or unsigned, sworn or unsworn) of whatever kind obtained from any person which refer to, reflect or relate to any of the facts alleged in the Complaint, your Answer thereto, or to Plaintiff.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation.  Notwithstanding these objections and without waiving same, the business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason.  See the attached Filing Acceptance letter was dated on 08/25/2011 for the company Lam Yuen, LLC being formed but the Plaintiff's claim, she had been working for Lam Yuen, LLC since the year of 2003.  This should prove Plaintiff has been complained to the wrong entity.  See the following documents attached as:**

      **Exhibit 1**    **Articles of Organization of Lam Yuen, LLC**
      **Exhibit 2**    **Letter from SDAT confirming Acceptance of Filing**
      **Exhibit 3**    **Trade Name Application regarding Maria's Bakery Lite**

7.  All documents related to any of your answers to Plaintiff's First Set of Interrogatories.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, See the following documents attached as:**

  Exhibit 1  Articles of Organization of Lam Yuen, LLC
  Exhibit 2  Letter from SDAT confirming Acceptance of Filing
  Exhibit 3  Trade Name Application regarding Maria's Bakery Lite

  8.  All documents not heretofore requested which evidence, relate to, reflect, refer to, support, repudiate, or substantiate any of Plaintiff's claims or damages sought in this case, and your defenses thereto.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation.   Notwithstanding these objections and without waiving same, See the following documents attached as:**

  Exhibit 1  Articles of Organization of Lam Yuen, LLC
  Exhibit 2  Letter from SDAT confirming Acceptance of Filing
  Exhibit 3  Trade Name Application regarding Maria's Bakery Lite

  9.  All documents you intend to introduce as exhibits at trial.

**See at the end of this document for a copy of Articles of Organization, Acceptance Filing Letter, and Trade Name Application.**

  10.  All documents relating to any experts that were retained by you in connection with this case.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation.  Notwithstanding these objections and without waiving same, none at this time.  No final decisions have been made as to trial exhibits at this time. Defendant specifically reserves the right to supplement, modify or vary this response at a later date and to present relevant information or documents as**

necessary to comply with discovery. In the event this Defendant is still a Defendant at trial, all documents exchanged by the parties in discovery.

      11.    All documents received by you from person(s) who have investigated the allegations of the Complaint, or your Answers thereto.

**Defendant Objects to this document request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Document request, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, See the following documents attached as:**

    Exhibit 1    Articles of Organization of Lam Yuen, LLC
    Exhibit 2    Letter from SDAT confirming Acceptance of Filing
    Exhibit 3    Trade Name Application regarding Maria's Bakery Lite

      12.    All written statements in your possession, custody, or control from any witnesses you intend to call at trial.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, other than the Complaint, not at this time.**

      13.    All employment policies, references or manuals, including but not limited to, employee handbooks, written directives, training manuals, time and payroll records, and all other documents relevant to this request.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. The business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason; therefore, all those documents are not existed.**

      14.    All records of time cards, time sheets, or time records, paystubs, whether in paper or electronic or any other form, related to Plaintiff.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. Lam Yuen, LLC did not employ the Plaintiff, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not a Lam Yuen, LLC employee; therefore, there is no records that is related to Plaintiff.**

      15.     All W-4 records related to or pertaining to Plaintiff.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. Lam Yuen, LLC did not employ the Plaintiff, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not Lam Yuen, LLC employee; therefore, there is no records that is related to Plaintiff.**

      16.     All W-2 and tax records related to or pertaining to Plaintiff.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. Lam Yuen, LLC did not employ the Plaintiff, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not Lam Yuen, LLC employee; therefore, there is no records that is related to Plaintiff.**

      17.     All tax returns, including schedules and supporting documentation, of the Defendant for the past three (3) years.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. The business has not been opened/running due to the business opportunity has been cancelled and the bad economic season reason.**

      18.     All W-2s, W-4s and tax records of the employees working as cooks and bakers for the Defendant for the past three (3) years.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. Lam Yuen, LLC did not employ the Plaintiff or any other person, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not Lam Yuen, LLC's employee; therefore, there is no records that is related to Plaintiff or any other person.**

19. All W-2s, W-4s and tax records of the employees working as managers and supervisors for the Defendant for the past three (3) years.

**Defendant Objects to this interrogatory to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant responds to this Interrogatory, he does not concede that the information provided is relevant to this litigation. Notwithstanding these objections and without waiving same, none. Lam Yuen, LLC did not employ the Plaintiff or any other person, and the Plaintiff did not work for Lam Yuen, LLC. The Plaintiff is not Lam Yuen, LLC's employee; therefore, there is no records that is related to Plaintiff or any other person.**

Respectfully submitted,

_____
Patrick S. Preller, Esquire
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone: (410) 539-0042
Fax: (410) 539-2955
Email: ppreller@prellerlawfirm.com
*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

KARLA PATRICIA IRAHETA ET AL.   *

    **Plaintiff**   *   Civil Action No. 8:12-cv-01426-DKC

v.   *

LAM YUEN, LLC ET AL.   *

    **Defendants**   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## NOTICE OF DISCOVERY

I HEREBY CERTIFY that on this April 18, 2013, a copy of Defendant Lam Yuen, LLC's Responses to Plaintiff Iraheta's Document Requests were mailed, postage prepaid, to:

/s/ Jae Hwang
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang, LLC
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com
*Attorney for Plaintiffs*

 

Patrick S. Preller, Esquire
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202
Phone: (410) 539-0042
Fax: (410) 539-2955
Email: ppreller@prellerlawfirm.com
*Attorney for Defendants*