# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (GREENBELT)

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA | * | |
| Plaintiff, | * | Civil Action No.: 8:12-cv-01426-DKC |
| v. | * | |
| LAM YUEN, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Karla Patricia Iraheta ("Iraheta" or "Plaintiff") makes the following responses to Defendant Lam Yuen, LLC's Request for Production of Documents and states as follows:

### GENERAL RESPONSES

A. Plaintiff objects to the Requests to the extent that they seek information protected by the attorney-client privilege, that was prepared in anticipation of litigation, and/or is attorney work product.

B. Plaintiff objects to the Requests to the extent that they require Plaintiff to provide information not within the scope of discovery permitted by Rule 34 of the Federal Rules of Civil Procedure.

C. Plaintiff objects to the Requests to the extent that any such request for documents and information are not relevant, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

D. Pursuant to Rule 34(b), responsive documents shall be produced as they are kept in the usual course of Plaintiff's affairs and of which Plaintiff maintains possession, custody or control.

E. Plaintiff objects to the Requests to the extent many of the Requests are repetitive.

**SPECIFIC RESPONSES**

Request No. 1: A computation of any category of damages claimed by the disclosing party and the documents and other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Response: None.

Request No. 2: Any documents which evidence, refer to, reflect or relate to any communications between you and any person, including, but not limited, the Defendants, about any of the facts that gave rise to or are referenced in the Complaint, or Plaintiff's Answers to Defendant's Interrogatories.

Response: None.

Request No. 3: Your Federal and State personal income tax returns, W-2 forms, and all other documents showing savings, income, or other funds received by you from January 1, 2008 to the present. The word "funds" is all-inclusive, including but not limited to earnings, income, gifts, non-taxable earnings, and every form of deferred compensation.

Response: None.

Request No. 4: Any and all writing, drawings, graphs, charts, photographs, or other tangible items of any kind intended to be used by you as exhibits at the trial of this case.

Response: Plaintiff objects to this Request in that it seeks information not yet determined and/or finalized as trial preparation is on-going. Plaintiff shall supplement this Response when appropriate.

Request No. 5: Any and all writing, drawings, graphs, charts, photographs, or other tangible items of any kind that you intend to admit into evidence at the trial of this case.

Response: Plaintiff objects to this Request in that it seeks information not yet determined and/or finalized as trial preparation is on-going. Plaintiff shall supplement this Response when appropriate.

Request No. 6: Copies of any statements made by Plaintiff, any Defendant, and/or any witness.

Response: None.

Request No. 7: Copies of any report and/or complaint made with regard the facts that gave rise to or are referenced in the Complaint, or Plaintiff's Answers to Defendant's Interrogatories.

Response: None.

Request No. 8: Any and all reports, communications and/or documents relating to any experts that were retained by you in connection with this case.

Response: None.

**Request No. 9:** Any and all documents and communications substantiating any claim or allegation in Plaintiff's complaint.

**Response:** None.

**Request No. 10:** Any and all documents of any nature whatsoever referred to in Plaintiff's Answers to Defendant's Interrogatories.

**Response:** None.

**Request No. 11:** All documents upon which you intend to rely to provide, or to corroborate, any allegations or requests for relief set forth in your pleadings, and in your Answers to Interrogatories.

**Response:** See Response to Interrogatory Nos. 4 and 5.

**Request No. 12:** Copies of any correspondences, including letters, e-mails, cards, facsimile transmissions, instant messages, and e-mails from you to the Defendant, or from the Defendant to you during the past 10 (ten) years.

**Response:** Plaintiff objects to this Request in that it is overly broad and unduly burdensome. Notwithstanding this objection, Plaintiff responds none.

**Request No. 13:** Any calendars, day timers, logs, appointment books, diaries, notes or similar documents kept by you for the last four (4) years to the present relating to any of the claims in the Complaint and/or your Answers to Interrogatories.

**Response:** None.

**Request No. 14:** All documents received by you from person(s) who have investigated the allegations of the Complaint.

**Response:** None.

**Request No. 15:** All documents related to time records or paystubs, whether in paper or electronic or any other form, related to Plaintiff.

**Response:** None.

**Request No. 16:** All documents not heretofore requested which evidence, relate to, reflect, refer to, support, repudiate or substantiate any of Plaintiff's allegations, requests for damages or requests for relief set forth in your pleadings, and in your Answers to Interrogatories.

**Response:** Plaintiff objects to this Request in that it is unduly vague and overly broad.

Request No. 17: All documents which concern statements (whether or not signed by the person interviewed) from any person having or purporting to have knowledge of information pertaining to the incident.

Response: None.

Request No. 18: All documents evidencing any contracts or agreements that were in effect during any times relevant to the allegations to the Complaint.

Response: None.

Request No. 19: Any and all documents received by you or on your behalf pursuant to any Notice(s) of Deposition Duces Tecum and/or Records Deposition filed in this case.

Response: None.

Request No. 20: Each and every document that is related or relevant to the occurrence in this case.

Response: See Response to Request No. 16.

Request No. 21: All documents evidencing the receipt, deposit, disposition, payment and/or disbursement to you of all wages, funds, salary, moneys, funds, cash and currency related to your employment as alleged in the Complaint.

Response: See Response to Request No. 3.

Request No. 22: Copies of your federal and state personal income tax returns, including all W-2s, 1099's, schedules and attachments for the four years leading up to filing the Complaint.

Response: See Response to Request No. 3.

Request No. 23: Any and all records which indicate any and all fringe benefits which have been provided by your employer or any other business entity in which you have a direct or indirect interest, in addition to money and compensation, including, but not limited to, pay stubs, expense accounts and allowances, as well as any vehicles, housing, meals, or any other tangible items of personal property which are provided for your use and benefit by any of the above-mentioned enterprises, or any other enterprises or persons.

Response: See Response to Request No. 3.

Request No. 24: All cancelled checks, ledgers and monthly statements on all personal, business and professional accounts in which you have had a direct or indirect interest or right of signature for the last three years.

Response: See Response to Request No. 3.

Request No. 25: All savings account passbooks and any and all statements and records of any U.S. Government bank, Building and Loan, Savings and Loan, or trust association accounts; and pension, 401K, deferred compensation, special savings, credit union, and/or checking accounts, N.O.W. accounts, IRA accounts, or money market funds which you now have or have held or which have been held by other person for your benefit, whether said accounts are now open or closed, from September 29, 1979 (date of the marriage) to the present.

Response: See Response to Request No. 3.

Request No. 26: Any and all documents which illustrate any benefits received by you in which you have had any interest during all times relevant to the allegations to the Complaint.

Response: See Response to Request No. 23.

Request No. 27: Any and all records pertaining to income and benefits received by you or to which you are entitled from any source, for the last three years; said records including but not limited to: salaries, commissions, bonuses, tips, dividends, and awards and actual or deferred income derived from pension or profit sharing and/or investment trusts, held by you alone or with others.

Response: See Response to Request No. 3.

Request No. 28: Any and all documentary evidence which you or anyone on your behalf, intend to introduce at any future hearing in this matter.

Response: See Response to Requests Nos. 4 and 5.

Request No. 29: Any documents or correspondence upon which you intend to base in whole or part the allegations set forth in your Answer or Counter Complaint in this matter [sic].

Response: See Response to Request No. 28.

Request No. 30: Copies of all your wage and/or salary statements for last three years.

Response: See Response to Request No. 3.

Request No. 31: All pay vouchers received in the last three years, from your employment, not otherwise provided in response to a previous request.

Response: See Response to Request No. 3.

Request No. 32: Evidence of any current debts which are yours personally, yours as nominee, or joint debts for the four years leading up to the filing of the Complaint.

Response: Plaintiff objects to this Request as overly broad and irrelevant to any allegations or defenses in this case, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 33: All books, calendars, diaries and any similar compilations maintained by you or for you personally or for any business in which you have been involved in the four years leading up to the filing of the Complaint to the present.

Response: Plaintiff objects to this Request as overly broad, unduly burdensome ad not reasonable calculated to lead to the discovery of admissible evidence.

[signatures on following page]

- 7 -

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES ARE TRUE AND ACCURATE UPON MY PERSONAL INFORMATION, KNOWLEDGE AND BELIEF AT THE TIME SUCH RESPONSES WERE MADE.

_____
Plaintiff, Karla Patricia Iraheta

DATED this 6th day of May, 2013

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 6th day of May, 2013, a copy of the foregoing Plaintiff's Response to Request for Production of Documents was sent via first class mail, postage pre-paid, to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

*Attorneys for Defendants*

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (GREENBELT)

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA | * | |
| Plaintiff, | * | Civil Action No.: 8:12-cv-01426-DKC |
| v. | * | |
| LAM YUEN, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff Karla Patricia Iraheta ("Iraheta" or "Plaintiff") Answers the Interrogatories of Defendant Denis Lam as follows:

### GENERAL RESPONSES

Plaintiff objects to the instructions and definitions contained in Defendant's Interrogatories to the extent that, as applied to specific discovery requests, they cause the requests to be overly broad and global, vague and ambiguous, unduly burdensome, and to seek information, in part, protected from disclosure by the attorney-client, work product, party communications, investigative, and consulting expert privileges.

Plaintiff further objects that the Interrogatories, including discrete subparts, far exceed the permissible number of Interrogatories permitted under Federal Rule 33.

### SPECIFIC RESPONSES

Subject to and without waiving these general responses, Plaintiffs respond to the specific Interrogatories as follows:

### "Identification"

Interrogatory No. 1: State your full name, any other name by which you have been known and the circumstances surrounding name, social security number, age, present address and telephone number and the full names of all persons residing with you, stating their relationship to you.

discovery of admissible evidence.

Answer: Karla Patricia Iraheta, 11801 Ashley Drive, Rockville, Maryland 20852. Reside at this address with my family. Plaintiff objects to the remainder of this Interrogatory as invasive of privacy and irrelevant to the allegations or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 2: Identify any and all documents that you have used to help you answer any of these Interrogatories.

Answer: None.

Interrogatory No. 3: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 15 of the complaint that "Iraheta worked a regular schedule of a total of 72 hours per week with no designated meal breaks during the workday." With respect to your answer, state:

  a. The specific facts and details;
  b. The date or period of time of the fact;
  c. The location or place of the act;
  d. The identity of each person having knowledge of the fact;
  e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
  f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
  g. The identity of each person who has knowledge thereof.

Answers: Plaintiff worked a regular schedule of a total of 72 hours per week with no designated meal breaks during the workday performing my duties as a bakery prep and cook/utility person. My duties included, but were not necessarily limited to, washing and cutting fruits and vegetables, cleaning, baking pastries, unloading deliveries, mopping floors, taking out the garbage, and other work related to food preparation and maintenance of the bakery factory. I worked this schedule from the time I commenced work on or about March 28, 2003 through termination of employment at the Nebel Street bakery location at the direction and/or knowledge of all Defendants. All Defendants and other managers and employees have knowledge.

Interrogatory No. 4: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 17 of the complaint you "was always paid in cash. Defendants did not issue Iraheta a paystub or any other documentation along with the actual cash. Defendants have never issued Iraheta a W-2 and have never filed or paid payroll taxes including social security, unemployment, etc." With respect to your answer, state:

  a. The specific facts and details;
  b. The date or period of time of the fact;
  c. The location or place of the act;

d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers: I was paid cash and given no documentation whatsoever by Defendants during the entire tenure of my employment at the Nebel Street bakery location as a bakery prep and cook/utility person. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 5: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 18 of the complaint that "Jraheta was not paid minimum and overtime wages from March 28, 2003 thru April 3, 2012." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers: I was not paid minimum and overtime wages during the entire tenure of my employment at the Nebel Street bakery location as a bakery prep and cook/utility person. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 6: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 19 of the complaint that "Jraheta worked 151 weeks and 3 days from May 9, 2009 thru April 3, 2012." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

**Answers**: 151 weeks and 3 days is the period of May 9, 2009 thru April 3, 2012 as I determined by checking a calendar.

**Interrogatory No. 7**: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 20 of the complaint that "Iraheta was paid $750 bi-weekly; thus, $375 per week. She was paid a total of $56,625.00 total for 151 weeks of work." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

**Answers**: That is how much I was paid for 151 weeks of work.

**Interrogatory No. 8**: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 22 of the complaint that "Iraheta is due a total of $39,737.16 in earned, but unpaid minimum and overtime wages, which is derived from the total minimum and overtime wages due of $96,362.16 minus the actual receipt of $56,625.00." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

**Answers**: Plaintiff worked a regular schedule of a total of 72 hours per week with no designated meal breaks during the workday. Iraheta worked the following schedule each week during the term of her employment by Defendants:

Mon: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Tues: Off
Wed: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Thur: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*

-4-

Fri: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Sat: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*
Sun: 7:00 a.m. - 7:00 p.m. = 12 hours/per day*

Total Scheduled Hours of 72 hours/per week.
* Includes 2 hours per day of uncompensated work.

During the first three months of her employment (Approx. March 28 thru June 28, 2003), Iraheta was paid a total of $600.00/bi-weekly. Beginning July 28, 2003) she was paid $650/bi-weekly. Beginning January 1, 2004, Iraheta was paid $700/bi-weekly. Beginning January 1, 2005 until termination, Iraheta was paid $750/bi-weekly. Iraheta was always paid in cash. Defendants did not issue Iraheta a paystub or any other documentation along with the actual cash. Defendants have never issued Iraheta a W-2 and have never filed or paid payroll taxes including social security, unemployment, etc. Defendants also employ other Hispanic employees and also pay cash without issuing paystubs or other documentation. Iraheta was not paid minimum and overtime wages from March 28, 2003 thru April 3, 2012. For work Iraheta performed on or after July 24, 2009, the federal minimum wage was $7.25 per hour. Consequently, her overtime rate was $10.88 (rounded). Iraheta worked 151 weeks and 3 days from May 9, 2009 thru April 3, 2012. Iraheta's minimum wage and overtime is calculated as follows:

**HOURS WORKED:**
151 weeks x 72 hours worked = 10,872 hours.
151 weeks x 40 hours worked = 6,040 hours.
**Total regular hours worked: 6,040 hours.**
**Total overtime hours worked: 4,832 hours.**

Iraheta was paid $750.00 bi-weekly; thus, $375.00 per week. She was paid a total of **$56,625.00** total for 151 weeks of work. ($375 x 151 weeks = $56,625.00) Iraheta's pay should have been paid the following amounts:

MINIMUM WAGE: 6040 hours at $7.25 = $43,790.00
OVERTIME WAGE: 4832 hours at $10.88 = $52,572.16
Total Minimum Wage and Overtime = **$96,362.16**

Iraheta is due a total of $39,737.16 in earned, but unpaid minimum and overtime wages, which is derived from the total minimum and overtime wages due of $96,362.16 minus the actual receipt of $56,625.00. Defendants also failed to pay Iraheta for her last 3 days of work. Iraheta worked a total of 36 hours: 36 hours x $7.25 = $261.00. Iraheta is therefore due a **total of $39,998.16** ($39,737.16 + $261.00) in earned, but unpaid minimum and overtime wages for the duration of her employment by Defendants from May 9, 2009 thru April 3, 2012.

Interrogatory No. 9: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 23 of the complaint that "Defendants also failed to pay Iraheta for her last 3 days of work. Iraheta worked a total of 36 hours." With respect to your answer, state:

- 5 -

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers: I was not paid wages for the last 3 days of work prior to the termination of my employment at the Nebel Street bakery location as a bakery prep and cook/utility person. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 10:  Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 26 of the complaint that "Defendants willfully and/or intentially failed and/or refused to pay to Plaintiff the minimum and overtime wages due and owed in violation of the FLSA for the term of her employment from approximately May 9, 2009 thru April 3, 2012." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answer:  All Defendants willfully and/or intentionally failed and/or refused to pay to Plaintiff the minimum and overtime wages due and owed in violation of the FLSA for the term of her employment from approximately May 9, 2009 thru April 3, 2012. 29 U.S.C.§§ 206 and 207. At all times material to this action, Defendants operated a "single enterprise" constituted of the Nebel Street bakery factory location and the Café at the Rockville Pike location through related activities, performed under unified operations or common control, for a common business purpose, whether performed in one or more establishments or by one or more corporate or other organizational units within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). Plaintiff qualifies for individual coverage under the FLSA because her work regularly involved production of goods for interstate commerce. The products created from the bakery factory were transported out of state. Defendants actions were taken with willful disregard for the rights of Plaintiff under the FLSA and Plaintiff suffered a loss of wages therefrom. At all times material to the allegations set forth herein, Defendants were "employers" of Plaintiff within the meaning of the FLSA. At all times material to the allegations set forth herein, Defendants were

an "enterprise" engaged in commerce or otherwise engaged in commerce within the meaning of the FLSA. At all times material to the allegations set forth herein, Plaintiff was an "employee" in the "employ" of Defendants within the meaning of the FLSA. Defendants are liable to Plaintiff for her unpaid minimum wage and overtime compensation, plus an additional amount as liquidated damages, plus reasonable attorney's fees and costs for the amount of unpaid minimum and overtime wages due to Plaintiff pursuant to 29 U.S.C. §§206, 207 and 216(b) in the amount of $39,998.16 for employment from May 9, 2009 thru April 3, 2012; for an additional amount of liquidated damages equal to the unpaid minimum and overtimes wages of $39,998.16 pursuant to 29 U.S.C. § 216(b); and for Plaintiff's reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. § 216(b);

Interrogatory No. 11:  Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 28 of the complaint that "her work regularly involved the production of goods for interstate commerce." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers:  The products created from the bakery factory were transported out of state and/or used products that were within the stream of transport of interstate commerce and/or had some part thereof. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 12.  Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 29 of the complaint that "Defendants actions were taken with willful disregard for the rights of Plaintiff under the FLSA." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers:  See Answer to Interrogatory Nos. 8 and 10.

-7-

Interrogatory No. 13: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you on page 8 under ¶ (b) of the complaint that you are entitled to "an additional amount of liquidated damages equal to the unpaid minimum and overtimes wages of $39,998.16 pursuant to 29 U.S.C.§ 216(b)." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answers: See Answer to Interrogatory Nos. 8 and 10.

Interrogatory No. 14. Set forth each fact which forms the basis, wholly or in part, for the allegations made by you page 8 under ¶ (b) of the complaint that you are entitled to "three times the minimum and overtime wages in the amount of $119,994.48 that Defendants failed to pay." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identity of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answer: All Defendants were obligated to pay Plaintiff all wages earned for the work she performed and to pay the statutory minimum and overtime wages for such work. MD Code Lab. & Empl. Art. §§ 3-413; 3-415. Defendants failed and refused to pay the required minimum and overtime wages owed Plaintiff those wages earned for the work she performed. More than two weeks have elapsed from the date on which the Defendants were required to have paid the wages. Defendants may not deduct wages of Plaintiff unless explicitly authorized by Md. Code Ann., Lab. & Empl., § 3-501, et seq. Defendants were further obligated to provide a statement of gross earnings and deductions from gross earnings for each pay period, MD Code Lab. & Empl. Art. §3-504(2). Defendants failure and refusal to pay the required minimum and overtime wages due; and failure to provide a statement of gross earnings and deductions to Plaintiff was not the result of any bona fide dispute between Plaintiff and Defendants. At all times material to the allegations set forth herein, Defendants were "employers" within the meaning of the MWHL and MWPCL. At all times material to the allegations set forth herein, Plaintiff was an

"employee" in the "employ" of Defendants within the meaning of the MWHL and MWPCL. Defendants owe Plaintiff for the amount of unpaid minimum and overtime wages due to Plaintiff in the amount of **$39,998.16** for employment from May 9, 2009 thru April 3, 2012 pursuant to Md. Code, Lab. & Empl. Art., § 3-507.2(a); for three times the minimum and overtime wages in the amount of **$119,994.48** that Defendants failed to pay Plaintiff pursuant to Md. Code, Lab.& Empl. Art., § 3-507.2(b); and for attorney's fees, costs, and expenses of this action as a result of Defendants' failure to pay Plaintiff pursuant to Md. Code., Lab. & Empl. Art., § 3-507.2(b);

[signatures on following page]

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES ARE TRUE AND ACCURATE UPON MY PERSONAL INFORMATION, KNOWLEDGE AND BELIEF AT THE TIME SUCH RESPONSES WERE MADE

______________________________
Plaintiff Karla Patricia Iraheta

DATED this 6th day of May 2013.

______________________________

Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 6th day of May, 2013, a copy of the foregoing Plaintiffs' Answers to Interrogatories was sent via first class mail, postage pre-paid, to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

***Attorneys for Defendants***

______________________________

Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com