IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA | * | |
| Plaintiff, | * | Civil Action No.: 8:12-cv-01426-DKC |
| v. | * | |
| LAM YUEN, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES

Plaintiff Carolina Castillo ("Castillo" or "Plaintiff") Answers the Interrogatories of Defendant Denis Lam ("Defendant") as follows:

### GENERAL RESPONSES

Plaintiff objects to the instructions and definitions contained in Defendant's Interrogatories to the extent that, as applied to specific discovery requests, they cause the requests to be overly broad and global, vague and ambiguous, unduly burdensome, and to seek information, in part, protected from disclosure by the attorney-client, work product, party communications, investigative, and consulting expert privileges.

Plaintiff further objects that the Interrogatories, including discrete subparts, far exceed the permissible number of Interrogatories permitted under Federal Rule 33.

### SPECIFIC RESPONSES

Subject to and without waiving these general responses, Plaintiff responds to the specific Interrogatories as follows:

#### "Identification"

Interrogatory No. 1: State your full name, any other name by which you have been known and the circumstances surrounding name, social security number, age, present address and telephone number and the full names of all persons residing with you, stating their relationship to you.

Answer: Carolina Castillo, 3323 Camden Street, Silver Spring, Maryland 20902. Reside at this address with family. Plaintiff objects to the remainder of this Interrogatory as invasive of privacy and irrelevant to the allegations or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 2: Identify any and all documents that you have used to help you answer any of these Interrogatories.

Answer: None.

Interrogatory No. 3: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 27 of the complaint that "Castillo worked a regular schedule of a total of 53 hours per week with no designated meal breaks during the workday." With respect to your answer, state:

    a. The specific facts and details;
    b. The date or period of time of the fact;
    c. The location or place of the act;
    d. The identity of each person having knowledge of the fact;
    e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
    f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

Answers: Castillo worked a regular schedule of a total of 53 hours per week with no designated meal breaks during the workday as a bakery prep and cook/utility person from the time she commenced work with Defendants on or about September 15, 2006 at Defendants' Nebel Street bakery factory. Castillo worked the following hours each week during the term of her employment by Defendants:

Mon: 5:00 a.m. - 1:30 p.m. = 8.5 hours/per day*
Tues: Off
Wed: 5:00 a.m. - 1:30 p.m. = 8.5 hours/per day*
Thur: 5:00 a.m. - 1:30 p.m. = 8.5 hours/per day*
Fri: 5:00 a.m. - 1:30 p.m. = 8.5 hours/per day*
Sat: 5:00 a.m. - 2:30 p.m. = 9.5 hours/per day*
Sun: 5:00 a.m. - 2:30 p.m. = 9.5 hours/per day*

---

Total Hours of 53 hours/per week.
*Includes extra hours worked and unpaid. All Defendants have knowledge.

Interrogatory No. 4: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 29 of the complaint that "Castillo was always paid in cash. Defendants did not issue Castillo a paystub or any other documentation along with the actual cash. Defendants have

never issued Castillo a W-2 and have never filed or paid payroll taxes including social security, unemployment, etc." With respect to your answer, state:

 a. The specific facts and details;
 b. The date or period of time of the fact;
 c. The location or place of the act;
 d. The identity of each person having knowledge of the fact;
 e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
 f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
 g. The identity of each person who has knowledge thereof.

Answers: Castillo was paid cash and given no documentation whatsoever by Defendants during the entire tenure of her employment at Defendants' Nebel Street bakery factory as a bakery prep and cook/utility person. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 5: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 30 of the complaint that "Castillo was not paid minimum and overtime wages from September 15, 2006 thru November 14, 2012. With respect to your answer, state:

 a. The specific facts and details;
 b. The date or period of time of the fact;
 c. The location or place of the act;
 d. The identity of each person having knowledge of the fact;
 e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
 f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
 g. The identity of each person who has knowledge thereof.

Answers: Castillo was not paid minimum and overtime wages during the entire tenure of her employment at the Nebel Street bakery location as a bakery prep and cook/utility person. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 6. Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 31 of the complaint that "Castillo worked 134 weeks from November 14, 2009 thru November 14, 2012." With respect to your answer, state:

 a. The specific facts and details;
 b. The date or period of time of the fact;
 c. The location or place of the act;
 d. The identity of each person having knowledge of the fact;
 e. Name, job classification, and location of employment of each employee of the

       defendant to whom the allegations pertain;
   f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
   g. The identity of each person who has knowledge thereof.

Answers: 134 weeks is the period of November 14, 2009 thru November 14, 2012 as determined by checking a calendar.

Interrogatory No. 7: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 32 of the complaint that "Castillo was paid $750 bi-weekly; thus, $375 per week. Castillo worked 22 weeks" With respect to your answer, state:

   a. The specific facts and details;
   b. The date or period of time of the fact;
   c. The location or place of the act;
   d. The identity of each person having knowledge of the fact;
   e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
   f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
   g. The identity of each person who has knowledge thereof.

Answers: From about June 15, 2012 thru November 14, 2012, Castillo was paid $750.00 bi-weekly; thus, $375.00 per week. Castillo worked 22 weeks as a bakery prep and cook/utility person at Defendants' Nebel Street bakery factory.

CORRECT WAGES OWED:
40 hours x $7.25 = $290.00
13 hours x $10.88 = $141.44
**$431.44**
DIFFERENCE IN WAGES: $431.44-$375.00= **$56.44**
22 weeks x $56.44 = **$1241.68**

Interrogatory No. 8: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 33 of the complaint that "Castillo is due a total of $12,154.64…in earned, but unpaid minimum and overtime wages for the duration of her employment by Defendants, which is derived from the total minimum and overtime wages due minus the actual receipt." With respect to your answer, state:

   a. The specific facts and details;
   b. The date or period of time of the fact;
   c. The location or place of the act;
   d. The identity of each person having knowledge of the fact;
   e. Name, job classification, and location of employment of each employee of the

   defendant to whom the allegations pertain;
  f. The identify of all documents which relate to the allegation, and attach a copy of
   any document to your answers to these interrogatories; and
  g. The identity of each person who has knowledge thereof.

Answers: Castillo was not paid minimum and overtime wages for work performed as a bakery prep and cook/utility person at Defendants' Nebel Street bakery factory. For work Castillo performed on or after July 24, 2009, the federal minimum wage was $7.25 per hour. Consequently, her overtime rate was $10.88 (rounded). Castillo worked 134 weeks from November 14, 2009 thru June 14, 2012. Castillo's minimum wage and overtime is calculated as follows:

LAWFUL WAGES OWED:
40 hours x $7.25 = $290.00
13 hours x $10.88 = $141.44
**$431.44**
DIFFERENCE IN WAGES: $431.44 - $350.00= **$81.44**
134 weeks x $81.44 = **$10,912.96** 9

From about June 15, 2012 thru November 14, 2012, Castillo was paid $750.00 bi-weekly; thus, $375.00 per week. Castillo worked 22 weeks.

CORRECT WAGES OWED:
40 hours x $7.25 = $290.00
13 hours x $10.88 = $141.44
**$431.44**
DIFFERENCE IN WAGES: $431.44-$375.00= **$56.44**
22 weeks x $56.44 = **$1241.68**

Castillo is due a total of **$12,154.64** ($10,912.96 +$1241.68) in earned, but unpaid minimum and overtime wages for the duration of her employment by Defendants, which is derived from the total minimum and overtime wages due minus the actual receipt.

Interrogatory No. 9: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 35 of the complaint that "Defendants willfully and/or intentionally failed and/or refused to pay Plaintiffs the minimum and overtime wages due and owed in violation of their employment." With respect to your answer, state:

  a. The specific facts and details;
  b. The date or period of time of the fact;
  c. The location or place of the act;
  d. The identity of each person having knowledge of the fact;
  e. Name, job classification, and location of employment of each employee of the
   defendant to whom the allegations pertain;
  f. The identify of all documents which relate to the allegation, and attach a copy of

      any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

<u>Answers</u>: Defendants actions were taken with willful disregard for the rights of Castillo under the FLSA and Castillo suffered a loss of wages therefrom.

<u>Interrogatory No. 10</u>: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 36 of the complaint that "Defendants operated a 'single enterprise' constituted of the Nebel Street bakery factory location and the Café at the Rockville Pike location through related activities, performed under unified operations or common control, for a common business purpose, whether performed in one or more establishments or by one or more corporate or other organizational units within the meaning of FLSA" With respect to your answer, state:

    a. The specific facts and details;
    b. The date or period of time of the fact;
    c. The location or place of the act;
    d. The identity of each person having knowledge of the fact;
    e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
    f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

<u>Answer</u>: At all times material to this action, Defendants operated a "single enterprise" constituted of the Nebel Street bakery factory location and the Café at the Rockville Pike location through related activities, performed under unified operations or common control, for a common business purpose, whether performed in one or more establishments or by one or more corporate or other organizational units within the meaning of the FLSA, 29 U.S.C. § 203(r)(1).

<u>Interrogatory No. 11</u>: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 37 of the complaint that "their work regularly involved the production of goods for interstate commerce." With respect to your answer, state:

    a. The specific facts and details;
    b. The date or period of time of the fact;
    c. The location or place of the act;
    d. The identity of each person having knowledge of the fact;
    e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
    f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

Answers: The products created from the bakery factory were transported out of state and/or used products that were within the stream of transport of interstate commerce and/or had some part thereof. These allegations go to all Defendants and all Defendants have knowledge thereof.

Interrogatory No. 12. Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 38 of the complaint that "Defendants actions were taken with willful disregard for the rights of Plaintiffs under the FLSA." With respect to your answer, state:

    a. The specific facts and details;
    b. The date or period of time of the fact;
    c. The location or place of the act;
    d. The identity of each person having knowledge of the fact;
    e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
    f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

Answers: See Answer to Interrogatory No 9.

Interrogatory No. 13: Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 41 where you claim that "Plaintiffs were an 'employee' or in the 'employ' of Defendants within the meaning of FLSA." With respect to your answer, state:

    a. The specific facts and details;
    b. The date or period of time of the fact;
    c. The location or place of the act;
    d. The identity of each person having knowledge of the fact;
    e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
    f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
    g. The identity of each person who has knowledge thereof.

Answers: At all times material to this action, Defendants were an employer within the meaning of the FLSA, 29 U.S.C. § 203(d); MWHL and MWPCL, Md. Code Ann., Lab. & Empl., §§ 3-101(c), 3-401(b) and 3-501(b). At all times material to this action, Plaintiffs were an "employee" and in the "employ" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and (g); MWHL and MWPCL, Md. Code Ann., Lab. & Empl., §§ 3-101(c), 3-401, *et seq.* and 3-501, *et seq.* Castillo was employed by Defendants as an untipped bakery prep and cook/utility person from approximately September 15, 2006 thru November 14, 2012 at Defendants' Nebel Street bakery location.

Interrogatory No. 14. Set forth each fact which forms the basis, wholly or in part, for the allegations made by you on page 11 paragraph b. that you are entitled to $12,154.64 for Castillo." With respect to your answer, state:

   a. The specific facts and details;
   b. The date or period of time of the fact;
   c. The location or place of the act;
   d. The identity of each person having knowledge of the fact;
   e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
   f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
   g. The identity of each person who has knowledge thereof.

Answer:  See Answer to Interrogatory No. 8.

Interrogatory No. 15. Set forth each fact which forms the basis, wholly or in part, for the allegations made by you in paragraph 35 that "Plaintiffs do not work in a restaurant, but work at the bakery factory." With respect to your answer, state:

a. The specific facts and details;
b. The date or period of time of the fact;
c. The location or place of the act;
d. The identity of each person having knowledge of the fact;
e. Name, job classification, and location of employment of each employee of the defendant to whom the allegations pertain;
f. The identify of all documents which relate to the allegation, and attach a copy of any document to your answers to these interrogatories; and
g. The identity of each person who has knowledge thereof.

Answer: Plaintiffs worked at Defendants' Nebel Street bakery factory as a bakery prep and cook/utility person during the entire course of their employment with Defendants.

[signatures on following page]

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES ARE TRUE AND ACCURATE UPON MY PERSONAL INFORMATION, KNOWLEDGE AND BELIEF AT THE TIME SUCH RESPONSES WERE MADE

_____
Plaintiff, Carolina Castillo

DATED this __th day of May 2013.

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this __th day of May, 2013, a copy of the foregoing Plaintiffs' Answers to Interrogatories was sent via first class mail, postage pre-paid, to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

*Attorneys for Defendants*

_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com