IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA | * | |
| Plaintiff, | * | Civil Action No.: 8:12-cv-01426-DKC |
| v. | * | |
| LAM YUEN, LLC, et al. | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Carolina Castillo ("Castillo" or "Plaintiff") makes the following responses to Defendant Lam Yuen's Request for Production of Documents and states as follows:

**GENERAL RESPONSES**

A.  Plaintiff objects to the Requests to the extent that they seek information protected by the attorney-client privilege, that was prepared in anticipation of litigation, and/or is attorney work product.

B.  Plaintiff objects to the Requests to the extent that they require Plaintiff to provide information not within the scope of discovery permitted by Rule 34 of the Federal Rules of Civil Procedure.

C.  Plaintiff objects to the Requests to the extent that any such request for documents and information are not relevant, vague, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

D.  Pursuant to Rule 34(b), responsive documents shall be produced as they are kept in the usual course of Plaintiff's affairs.

F.  Plaintiff objects to the Requests to the extent many of the Requests are repetitive.

**SPECIFIC RESPONSES**

Request No. 1: A computation of any category of damages claimed by the disclosing party and the documents and other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Response: None.

Request No. 2: Any documents which evidence, refer to, reflect or relate to any communications between you and any person, including, but not limited, the Defendants, about any of the facts that gave rise to or are referenced in the Complaint, or Plaintiff's Answers to Defendant's Interrogatories.

Response: None.

Request No. 3: Your Federal and State personal income tax returns, W-2 forms, and all other documents showing savings, income, or other funds received by you from January 1, 2008 to the present. The word "funds" is all-inclusive, including but not limited to earnings, income, gifts, non-taxable earnings, and every form of deferred compensation.

Response: None. Plaintiff's husband may have filed joint tax returns, but Plaintiff is unsure. This Response shall be supplemented if necessary and tax returns provided.

Request No. 4: Any and all writing, drawings, graphs, charts, photographs, or other tangible items of any kind intended to be used by you as exhibits at the trial of this case.

Response: Plaintiff objects to this Request in that it seeks information not yet determined and/or finalized. Plaintiff shall supplement this Response when appropriate.

Request No. 5: Any and all writing, drawings, graphs, charts, photographs, or other tangible items of any kind that you intend to admit into evidence at the trial of this case.

Response: Plaintiff objects to this Request in that it seeks information not yet determined and/or finalized. Plaintiff shall supplement this Response when appropriate.

Request No. 6: Copies of any statements made by Plaintiff, any Defendant, and/or any witness.

Response: None.

Request No. 7: Copies of any report and/or complaint made with regard the facts that gave rise to or are referenced in the Complaint, or Plaintiff's Answers to Defendant's Interrogatories.

Response: None.

Request No. 8: Any and all reports, communications and/or documents relating to any experts that were retained by you in connection with this case.

Request No. 9: Any and all documents and communications substantiating any claim or allegation in Plaintiff's complaint.

Response: None.

Request No. 10: Any and all documents of any nature whatsoever referred to in Plaintiff's Answers to Defendant's Interrogatories.

Response: None.

Request No. 11: All documents upon which you intend to rely to provide, or to corroborate, any allegations or requests for relief set forth in your pleadings, and in your Answers to Interrogatories.

Response: Plaintiff objects to this Request in that it seeks information not yet determined and/or finalized. Plaintiff shall supplement this Response when appropriate.

Request No. 12: Copies of any correspondences, including letters, e-mails, cards, facsimile transmissions, instant messages, and e-mails from you to the Defendant, or from the Defendant to you during the past 10 (ten) years.

Response: Plaintiff objects to this Request in that it is overly broad and unduly burdensome. Notwithstanding this objection, Plaintiff responds none.

Request No. 13: Any calendars, day timers, logs, appointment books, diaries, notes or similar documents kept by you for the last four (4) years to the present relating to any of the claims in the Complaint and/or your Answers to Interrogatories.

Response: None.

Request No. 14: All documents received by you from person(s) who have investigated the allegations of the Complaint.

Response: None.

Request No. 15: All documents related to time records or paystubs, whether in paper or electronic or any other form, related to Plaintiff.

Response: None.

Request No. 16: All documents not heretofore requested which evidence, relate to, reflect, refer to, support, repudiate or substantiate any of Plaintiff's allegations, requests for damages or requests for relief set forth in your pleadings, and in your Answers to Interrogatories.

**Request No. 17:** All documents which concern statements (whether or not signed by the person interviewed) from any person having or purporting to have knowledge of information pertaining to the incident.

**Response:** Plaintiff objects to this Request in that it is unduly vague and overly broad.

**Request No. 18:** All documents evidencing any contracts or agreements that were in effect during any times relevant to the allegations to the Complaint.

**Response:** None.

**Request No. 19:** Any and all documents received by you or on your behalf pursuant to any Notice(s) of Deposition Duces Tecum and/or Records Deposition filed in this case.

**Response:** None.

**Request No. 20:** Each and every document that is related or relevant to the occurrence in this case.

**Response:** See Response to Request No. 16.

**Request No. 21:** All documents evidencing the receipt, deposit, disposition, payment and/or disbursement to you of all wages, funds, salary, moneys, funds, cash and currency related to your employment as alleged in the Complaint.

**Response:** See Response to Request No. 3.

**Request No. 22:** Copies of your federal and state personal income tax returns, including all W-2s, 1099's, schedules and attachments for the four years leading up to filing the Complaint.

**Response:** See Response to Request No. 3.

**Request No. 23:** Any and all records which indicate any and all fringe benefits which have been provided by your employer or any other business entity in which you have a direct or indirect interest, in addition to money and compensation, including, but not limited to, pay stubs, expense accounts and allowances, as well as any vehicles, housing, meals, or any other tangible items of personal property which are provided for your use and benefit by any of the above-mentioned enterprises, or any other enterprises or persons.

**Response:** See Response to Request No. 3.

Request No. 24: All cancelled checks, ledgers and monthly statements on al [sic] personal, business and professional accounts in which you have or have had a direct or indirect interest or right of signature for the last three years.

Response: See Response to Request No. 3.

Request No. 25: All savings account passbooks and any and all statements and records of any U.S. Government bank, Building and Loan, Savings and Loan, or trust association accounts; and pension, 401K, deferred compensation, special savings, credit union, and/or checking accounts, N.O.W. accounts, IRA accounts, or money market funds which you now have or have held or which have been held by other person for your benefit, whether said accounts are now open or closed, from September 29, 1979 (date of the marriage) to the present.

Response: See Response to Request No. 3.

Request No. 26: Any and all documents which illustrate any benefits received by which you have had any interest during all times relevant to the allegations to the Complaint.

Response: See Response to Request No. 23.

Request No. 27: Any and all records pertaining to income and benefits received by you or to which you are entitled from any source, for the last three years; said records including but not limited to: salaries, commissions, bonuses, tips, dividends, and awards and actual or deferred income derived from pension or profit sharing and/or investment trusts, held by you alone or with others.

Response: See Response to Request No. 3.

Request No. 28: Any and all documentary evidence which you or anyone on your behalf, intend to introduce at any future hearing in this matter.

Response: See Response to Requests Nos. 4 and 5.

Request No. 29: Any documents or correspondence upon which you intend to base in whole or part the allegations set forth in your Answer or Counter Complaint in this matter [sic].

Response: See Response to Request No. 28.

Request No. 30: Copies of all your wage and/or salary statements for last three years.

Response: See Response to Request No. 3.

Request No. 31: All pay vouchers received in the last three years, from your employment, not otherwise provided in response to a previous request.

Response: See Response to Request No. 3.

Request No. 32: Evidence of any current debts which are yours personally, yours as nominee, or joint debts for the four years leading up to the filing of the Complaint.

Response: Plaintiff objects to this Request as overly broad and irrelevant to any allegations or defenses in this case, and not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 33: All books, calendars, diaries and any similar compilations maintained by you or for you personally or for any business in which you have been involved in the four years leading up to the filing of the Complaint to the present.

Response: Plaintiff objects to this Request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

[signatures on following page]

I HEREBY AFFIRM UNDER PENALTY OF PERJURY THAT THE FOREGOING RESPONSES ARE TRUE AND ACCURATE UPON MY PERSONAL INFORMATION, KNOWLEDGE AND BELIEF AT THE TIME SUCH RESPONSES WERE MADE

Plaintiff, Carolina Castillo

DATED this __th day of May, 2013

Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this __th day of May, 2013, a copy of the foregoing Plaintiffs' Response to Request for Production of Documents was sent via first class mail, postage pre-paid, to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

***Attorneys for Defendants***

Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com