**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

KARLA PATRICIA IRAHETA, et al.     *

       Plaintiff,            *      Civil Action No. 12-cv--1426 CBD

v.                          *

LAM YUEN, LLC, et al.         *

       Defendants.       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Karla Patricia Iraheta ("Iraheta") and Carolina Castillo ("Castillo") (collectively, the "Plaintiffs"), through their undersigned attorneys, hereby oppose Defendants' Motion for Summary Judgment and Alternatively for Partial Summary Judgment and respectfully state as follows:

**I.**      **INTRODUCTION:**

**DEFENDANTS' SECOND BITE AT THE APPLE IS AS FLAWED AS THEIR FIRST**

In November 2012, this Court issued a Memorandum Opinion denying all of Defendants arguments in their "Motion to Dismiss or, in the Alterative, for Summary Judgment" as to the corporate Defendant Lam Yuen, LLC and individual Defendants Stan Lam and Denis Lam (*See Document 12, Memorandum Order).* Apparently not content with this Court's existing ruling on their prior Motion, Defendants now put forth essentially the exact same arguments while adding nothing new, substantive or meritorious for the Court to consider.

Defendants have failed to provide affidavits in support of their current Motion and, thus, all reference to evidence outside the pleadings must be stricken. Moreover, even assuming

*arguendo* that proper supporting affidavits were provided, Defendants have nonetheless totally failed to establish that they are entitled to judgment as a matter of law on any of the issues raised. Apparently lost on Defendants is that it is they, as the moving party, that bear the burden of establishing that they are entitled to "judgment as a matter of law" and that merely disputing allegations set forth in Plaintiffs' Amended Complaint does not entitle them to judgment as a matter of law.   Defendants are attempting to turn the proper summary judgment upside-down and claim entitlement to summary judgment upon wholly inappropriate standards, laws, and facts.  This Court should take no part in Defendants' folly.

## II.   ARGUMENT

### A.    Rule 56(e) Legal Standards for Supporting Affidavits

Rule 56(e) of the Federal Rules of Civil Procedure requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  In reviewing motions for summary judgment, courts may not consider affidavits or declarations that do not comply with these requirements.  The Fourth Circuit has emphatically held that "[i]t is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment."  *Orsi v. Kirkwood,* 999 F.2d 86, 92 (4th Cir. 1993);  *see generally, El Deeb v. Univ. of Minnesota*, 60 F.3d 423, 428 (8th Cir. 1995); *School Dist. 1J v. AC and S*, 5 F.3rd 1255, 1261 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1983); *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 585 (6th Cir. 1992); *Friedel v. City of Madison*, 832 F.2d 965, 970 (7th Cir. 1987); *United States v. M.E. Dibble*, 429 F.2d 598 (9th Cir. 1970).

All matters set forth in declarations must be based on personal knowledge and statements in a declaration are inadmissible unless the declaration itself affirmatively demonstrates that the

declarant has personal knowledge of those facts.  *Orsi,* 999 F.2d  @ 92; *Love v. Commerce Bank of St. Louis, N.A.,* 37 F.3d 1295, 1296 (8th Cir. 1994); *Gagne v. Northwestern Nat'l Ins. Co.,* 881 F.2d 309, 315-16 (6th Cir. 1989) (holding that statements in affidavits that are not based on personal knowledge and personal observation do not contain facts that are admissible evidence for summary judgment purposes); *El Deeb,* 60 F.3d at 428 (affidavits "shall be made on personal knowledge" and must include facts "to show the affiant possesses that knowledge.") *Dibble,* 429 F.2d at 602.

To be admissible to support a motion for summary judgment, declarations  must also set out specific facts – not mere conclusory allegations.  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that the object of Rule 56 is not to replace conclusory averments in a pleading with conclusory allegations in an affidavit); *Mitchell*, 964 F.2d at 585 (holding that "conclusory allegations and subjective beliefs ... are wholly insufficient evidence...."); *O'Shea v. Detroit News*, 887 F.2d 683 (6th Cir. 1989) (holding that conclusory allegations are not admissible evidence).

In addition, Rule 56(e) requires that declarations contain statements that would be otherwise "admissible in evidence," so declarations cannot contain hearsay.  *Hal Roach Studios v. Richard Frier & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1984);  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986);  *Mitchell*, 964 F.2d at 585 (holding that affidavit based on hearsay "is not proper Rule 56(e) affidavit because it was not made on personal knowledge and did not set forth 'facts' that would be admissible into evidence"); *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996*), cert. denied* 519 U.S. 1055 (1997)(hearsay evidence may not be considered on a motion for summary judgment).

**B.** **Defendants Fail to Provide Supporting Affidavits in Compliance With Rule 56(e) in Support of Their Arguments and Plaintiffs Have Provided Supporting Affidavits to Support Their Claims**

In their pending Motion for Summary Judgment, Defendants fail to provide any affidavits comporting with the requirements of Rule 56(e). Instead, Defendants cavalierly attach a so-called affidavit signed by Stan Lam and Denis Lam that purports as follows: "I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the contents of the foregoing Motion are true and correct." (*See Defendants' Memorandum in Support, Exhibit 14*). That's it. The provided affidavit fails to comport with Rule 56(e)'s three straightforward requirements upon declarations that are filed in support of a motion for summary judgment. The affidavit of Stan Lam and Denis Lam do not declare they are based upon personal knowledge; do not set forth admissible evidence and do not affirmatively declare that the declarants are competent to testify. Defendants' affidavit supporting their Motion for Summary Judgment fails in all three respects, and, therefore, should be stricken from the record.

Indeed, it is hard to fathom how Stan Lam or Denis Lam could possibly have personal knowledge with respect to matters of Victory International Incorporated ("Victory International") when they fail to identify exactly what their relationship is to Victory International and how they could gain such personal knowledge. For example, Defendants conclusorily assert that "[t]o the extent that Plaintiffs were employed with any entity related to the allegations in the Complaint, it would have been with Victory International…." (*See Defendants' Memorandum in Support @ p. 9*). Defendants go on to claim that "[a]ll operations at Maria's Bakery – as referenced in the Complaint – are solely by Victory, not Lam Yuen. (*See Id.*). Then Defendants cite to Victory Internationals' SDAT filings and Victory's Business

License, attached as Exhibits 8 and 9 to their Memorandum in Support, as well as to their Answer to the Amended Complaint.

Beyond the transparently bald and conclusory nature of Defendants assertions, how could Defendants have personal knowledge that Plaintiffs were actually employed by Victory International when Defendants deny (or do not identify) their relationship to Victory International?  What is the basis from which the assertion that "Plaintiffs in fact were employees of Victory International" arises?  Or indeed the basis of any knowledge about anything related to Victory International and particularly Victory International's relationship to Plaintiffs and Maria's Bakery?  Exactly how are Defendants competent to assert such things upon their personal knowledge and not through hearsay or other impermissible bases?  Defendants are not forthcoming with any answers from which this Court can make any determination whatsoever of the Defendants' Motion for Summary Judgment.

Further, Defendants cite to alleged timesheets of Victory International showing Plaintiffs' hours worked. (*See Defendants' Memorandum in Support,* Ex. 10).  These purported timesheets have absolutely zero evidentiary value.  There is no foundation whatsoever, nor any attempt to establish a foundation, from which these timesheets may be entered or considered as evidence. Defendants assert that "Victory produced in discovery many of the time logs detailing Plaintiffs' hours, which flatly contradict Plaintiffs' allegations in their Amended Complaint." (*See id.* @ p. 7).  Even if this were true and the timesheets were admissible evidence, which they are not, at best all it creates is a genuine dispute of material fact as Defendants merely disagree with Plaintiffs' allegations as set forth in the Amended Complaint and in Plaintiffs attached affidavits, *see infra*, based upon their personal knowledge that those purported timesheets do not accurately reflect the time actually worked.  The Plaintiffs' affidavit testimony, based upon personal

knowledge, is not a mere scintilla of evidence. Rather the Plaintiffs' affidavit testimony sets forth specific and admissible evidence supporting their claims. To assert otherwise is disingenuous.

Defendants further complain that Plaintiffs have not provided any evidence to support their claims. (See *Defendants' Memorandum in Support* @ p. 8). Defendants cite, "by way of example, when asked for exact dates in which she worked more than eight hours they responded with an overly generalized schedule mirroring allegations in the Complaint." (See *id.*) Defendants' complaints are nothing more than willful ignorance (or wishful thinking on their part), as the core of Plaintiffs' allegations is that ***throughout their period of employment*** they worked more than 40 hours per week for which they were not properly compensated. Defendants simply do not understand, or willfully choose to not understand, the nature and extent of Plaintiffs' claims. (*See, e.g., Amended Complaint @ Paragraph 16,* "Iraheta worked a **regular** schedule of a total of 72 hours per week. . . Iraheta worked the following schedule **each week during the term of her employment** by Defendants. . . ." (emphasis supplied); and *Paragraph 27,* Castillo worked a **regular** schedule of a total of 53 hours per week. . . . Castillo worked the following hours **each week during the term of her employment** by Defendants. . . ." (emphasis supplied)). Plaintiffs further have provided affidavits to this effect, *infra.* Even assuming *arguendo* that the Victory International timesheets or any other materials attached as Exhibits to Defendants' Memorandum in Support have any probative value and are admissible, which they are not, the timesheets and other exhibits do not prove conclusively what hours Plaintiffs actually worked in contradiction to the Plaintiffs allegations and affidavit evidence provided.

The referenced documents themselves certainly do not establish as a matter of law any relationship between Plaintiffs and Victory International.  The referenced documents do not establish that "all" operations at Maria's Bakery are conducted "solely" by Victory.[1]  Defendants are now merely asking the Court to consider the very same evidence and same documents that this Court previously rejected in its Memorandum Order.  This Court noted in its Memorandum Order that even if it were to consider "matters outside the pleadings" and considered the evidence proffered by Defendants in support of their arguments, such evidence "would not conclusively establish that Lam Yuen, LLC cannot be held liable for the violations alleged in Iraheta's complaint."  (*See Document 12, Memorandum Order @ p. 8, ft. 2*).  At best, a dispute of material fact arises to be resolved by a trier of fact.

### C.    Rule 56 Standard for Summary Judgment

The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Although the mere existence of a scintilla of evidence is support of the opposing party's position is insufficient to defeat a motion for summary judgment, the facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party.  *Scott v. Harris,* 550 U.S. 372, 378 (2007); *Iko v. Shreve,* 535 F.3d 225, 230 (4th Cir. 2008).

---

[1] Suffice it to say that referencing their Answers to Plaintiffs' Amended Complaint is not sufficient to establish an "undisputed fact" justifying the grant of summary judgment, although Defendants apparently believe otherwise.

Defendants shamelessly turn the well-established standards governing Summary Judgment motions on its ear by claiming as "Undisputed Facts" matters that are anything but undisputed.  (*See Defendants Memorandum in Support*, @ p. 4-5).  For example, Defendants unabashedly assert as an "undisputed fact" that "Defendants Lam Yuen, LLC [and Stan Lam] have never had any business relationship with Plaintiffs."  Defendants further misrepresent as an "Undisputed Fact" that "Plaintiffs were never employed with either Stan Lam or Lam Yuen." (See id., @ p. 5).  Those are atrociously twisted and egregiously inaccurate statements with respect to whether such is "disputed."  The "business relationship" between Lam Yuen, Stan Lam and Denis Lam and the Plaintiffs lies at the very heart of Plaintiffs case as set forth in the Amended Complaint and the present conflict between Plaintiffs and Defendants.

> **D.    Lam Yuen and Stan Lam Are Employers Within the Meaning of the FSLA, MWHL, and MWPCL**.

Defendants provide no reason or basis for the Court to revisit the issue of weather Lam Yuen, LLC and Stan Lam are "employers" as a matter of law.[2]  Even if Plaintiffs were employed by Victory International as Defendants assert, that does not preclude as a matter of law the finding that Lam Yuen and Stan Lam were also "employers" as already ruled through this Court's Memorandum Order (*Document 12)* and we are simply back to square one.  This Court has already considered and rejected Defendants' arguments that Lam Yuen, LLC and Stan Lam are not "employers" within the meaning of the FLSA, MWHL and MWPCL.  (*See Document 12, Memorandum Order)* and such ruling should remain undisturbed.  Nonetheless, and without waiving their objections to Defendants failure to provide supporting affidavits in conformity with Rule 56(e), Plaintiffs respond *arguendo to* Defendants baseless arguments as follows.

---

[2] If this Court were to disturb the prior ruling in the Memorandum Order (Document 12), and now rule that Lam Yuen, LLC and Stan Lam are not "employers" within the meaning of the FLSA, MWHL, or MWPCL, the effect would be of an impermissible interlocutory appeal of this Court's prior ruling.

Congress enacted the Fair Labor Standards Act in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." Pub. L. No. 75-718, 52 Stat. 1060 (1938) (codified as amended at 29 U.S.C. §§ 201 et seq.). 722, 727 (1947).  Defendants Lam Yuen, LLC and Stan Lam are responsible as a covered employer under the FLSA, which treats as an employer "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  The FLSA's provisions "should be broadly interpreted and applied to effectuate its goals," *Purdham v. Fairfax Co. Sch. Bd.*, 637 F.3d 421, 427 (4th Cir. 2011), which included the intent "to lessen, so far as seemed then practicable, the distribution in commerce of goods produced under subnormal labor conditions "by eliminating low wages and long hours, *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947).

Federal courts have widely held that the definition of "employer" under the FLSA "is to be interpreted broadly to achieve Congress's intent to provide a remedy to employees for their employers' wage and hour violations." *Gionfriddo v. Jason Zink*, LLC, 769 F. Supp. 2d 880, 890 (D. Md. 2011); see also *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006). Furthermore, the FLSA "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (quoting 29 U.S.C. § 203(g)).

This Court has previously held that there is clear legal authority for the imposition of personal liability on a corporate officer that exercises a high level of control for the FLSA violations of a corporation. See *Chao v. Self Pride, Inc*., No. 03-3409, 2005 WL 1400740, at *12 (D. Md. 2005).  The Fourth Circuit has held that [s]eparate persons or entities that share control

over an individual worker may be deemed joint employers under the FLSA. *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 305 (4th Cir. 2006).

The federal court in Maryland previously held, "[t]here is substantial authority for courts to hold liable as employers individuals with varying amounts of equity and control over the entities and activities before the courts in FLSA cases." *Pearson v. Prof'l 50 States Prot., LLC*, 2010 WL 4225533 *4 (D. Md. Oct. 26, 2010), citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (individual was an employer under the FLSA because he hired and instructed employees and signed payroll checks, even though his wife owned the nightclub and his consulting contract excluded personnel matters); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984) (corporate officer who began and controlled corporation and guided policies was liable for FLSA violations despite having no ownership interest); *Donovan v. Agnew*, 712 F.2d 1509, 1514 (1st Cir. 1983) (officers/directors who made business decisions and "had operational control of significant aspects of the corporation's day to day functions, including compensation of employees" were liable for unpaid minimum and overtime wages under the FLSA). *Lopez v. Silverman*, 14 F. Supp. 2d 405 (S.D.N.Y.1998) (corporate president personally liable for unpaid overtime to same extent as corporate employer); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329, 26 Fed. R. Serv.3d 921 (5th Cir.1993) (individual whose wife owned nightclub was FLSA employer even though his consulting agreement excluded personnel matters from his responsibilities, where he hired dancers, signed payroll checks, gave specific instructions to employees, and spoke for club during labor secretary's investigation); *Donovan v. Sabine Irrigation Co.*, Inc., 695 F.2d 9 190, 194-195 (5th Cir.1983) (corporate officer with no ownership interest held to be "employer" where he exercised pervasive control over business and financial affairs of corporation).

10

Plaintiffs worked for Maria's Bakery at 12205 Nebel Street, Rockville, Maryland 20852 as a bakery prep and cook/utility person.  (*See Affidavit of Karla Patricia Iraheta, @ Paragraph 5, attached hereto as Plaintiffs' Exhibit 1; and Affidavit of Carolina Castillo @ Paragraphs 3, 11, attached hereto as Plaintiffs Exhibit 2).*   The Chinese men who owned and supervised employees, directed Plaintiffs to use the names "Jose" and "Mario".  (*See Iraheta @ Paragraph 4; Castillo @ Paragraph 14, 16).*  According to the Defendants' Exhibit 7 of the Memorandum in Support, Lam Yuen  LLC, operated a "Café/Bakery/Restaurant business . . .". at 12205 Nebel Street.  Lam Yuen, LLC also operated under the Trade Name of "Maria's Bakery Lite" and the Trade Name business description also stated for the purposes of a, "Café/Bakery/Restaurant . . .". Stan Lam has a business interest in Lam Yuen, LLC which conducts a business at 12205 Nebel Street.  *(See Defendants' Memorandum in Support @ p.4).*

Plaintiffs also have personal knowledge that there is, at a minimum, an additional Maria's Bakery at 1701 Rockville Pike #B, Rockville, Maryland 20852.  Plaintiff Castillo previously traveled, at the direction of "Jose" from the Nebel Street Maria's Bakery to the Rockville Pike Maria's Bakery to receive her work wages.  (*See Castillo @ Paragraph 15*).   Denis Lam has a business interest in Maria's Bakery and Café located at 1701-B3 Rockville Pike.  *(See Defendants' Memorandum in Support @ p.4).*  It is immediately apparent that Defendants in this case operated Maria's Bakery and employed the Plaintiffs at the Nebel Street Location.

The standard to be met by a plaintiff in a FLSA case was stated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946):

> [A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference

> to be drawn from the employee's evidence. If the employer fails to
> produce such evidence, the court may then award damages to the
> employee, even though the result be only approximate.

*Id*. at 687. See also *Pforr v. Food Lion, Inc*., 851 F.2d 106, 108-09 (4th Cir. 1988).

In the present case, Plaintiff Iraheta and Plaintiff Castillo, through their affidavits, produce sufficient evidence to show the amount and extent of work completed. Plaintiff Castillo and Plaintiff Iraheta worked for Maria's Bakery and a Chinese man named Denis Lam a/k/a Jose for the past 6 years and 9 years, respectively. Plaintiffs alleged Defendants employed her; failed to pay her in accordance with applicable minimum wage and overtime requirements. Additionally, Defendants failed to pay Plaintiff Iraheta during her final three full days of work.

Defendants ignore the reality that, "[a] prima facie case can be made through an employee's testimony giving his recollection of hours worked . . . ." *Donovan v. Kentwood Dev. Co., Inc*., 549 F. Supp. 480, 485 (D. Md. 1982). "An FLSA case is not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate." *Id*; see, e.g., *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003) ("Both Plaintiffs have testified to the hours of overtime they worked while employed by HGS. Although they have not provided evidence corroborating their testimony, they have carried their initial burden of proof and established a prima facie case."); *Marroquin v. Canales*, 505 F. Supp. 2d 283, 297 (D. Md. 2007) ("[E]mployees have the initial burden of proving they worked a certain numbers of hours, which can be proved through an employee's testimony giving his recollection of hours worked.") (internal quotations omitted); *Doo Nam Yang v. ACBL Corp*., 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) ("it is possible for plaintiff to meet [his] burden [of proving the hours he worked] by relying on his recollection alone.").

**E.      Defendants Fail to Carry Their Burden to Establish as a Matter of Law That They Acted in Good Faith**

Defendants argue that they did not act in bad faith as a matter of law.  That is pure nonsense.  Without waiving their objections to Defendants failure to provide affidavits in conformity with Rule 56(e), Plaintiffs respond to Defendants argument as follows.

Pursuant to 29 U.S.C. § 260, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." 29 U.S.C.A. § 260 (West 2011).  The Fourth Circuit has held that a grant of liquidated damages is the "norm" in cases in which the FLSA is violated.  *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir.1997).

To avoid liquidated damages an employer found liable under section 206 or 207 has the "plain and substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." *Wright v. Carrigg,* 275 F.2d 448, 449 (4th Cir.1960).  This burden "is a difficult one to meet ... and `[d]ouble damages are the norm, single damages the exception.'" *Reich v. Southern New England Telecomm. Corp*. 121 F.3d 58, 71 (2nd Cir.1997).

Defendants stated in their motion, "[p]laintiffs have not produced any evidence that their employer acted in bad faith."  *(See Defendants' Memorandum in Support @ p.11)*  It is vital to note that, it is, the Defendants that have the substantial burden of persuading the court that the

Defendants acted in good faith.  In the present case, Defendants erroneously attempted to shift the burden to the Plaintiffs.

Defendants also claimed that, "at no time did Iraheta ever tell the Defendants that she was working more hours than she was properly being compensated for."  *(See Defendants' Memorandum in Support @ p.11).*  In this regard, there is a genuine dispute as to material fact.

Plaintiff Iraheta clearly stated in her Affidavit that ". . . Denis Lam would come to the Nebel Street location around 4:30-5:00 p.m. and say that I needed to finish the work.  Many times, [Denis Lam] yelled at me to work." (*See Iraheta's Affidavit at ¶14*).

Plaintiff Castillo also stated in her Affidavit that ". . . I was made to punch the time card, 'out' and then was forced to continue working . . . approximately 2-3 times a week, a fax order came in late and we had to prepare the food anyway . . . [a]lso, Denis Lam came late with food and supplies and [employees] had to help him unload and store the items in the bakery." (*See Castillo's Affidavit at ¶22-23*).  Clearly, Defendants were the direct cause of the overtime work suffered by the Plaintiffs.  As a matter of fact, Denis Lam yelled at Plaintiff Iraheta to work after hours. (*See Iraheta @ Paragraph 14).*

Defendants moved for summary judgment on the issue of whether Plaintiffs are entitled to an award of liquidated damages, as they argue that "**the undisputed evidence** supports the contrary . . . Victory produced in discovery time logs detailing many of Iraheta' hours, which flatly contradict Iraheta's allegations in the Amended Complaint." [Emphasis added].  *(See Defendants' Memorandum in Support @ p.11).*  As explained, *supra,* Plaintiffs vehemently object to the Defendants' unfounded claim that Victory's time logs are "undisputed evidence." The time logs are baseless with no foundational support.  Plaintiffs also stated in their respective

14

Affidavits that the time cards were not accurate.  (*See Iraheta @ Paragraph 14; Castillo @ Paragraph 22*).

**F.     "Willfulness" is a Matter of Credibility to be Determined by the Trier of Fact**

Defendants also claimed that the "two year statute of limitations applies as there is no evidence that employer's violation was willful".  (*See Defendants' Memorandum in Support @ p. 12*).  In support thereof, Defendants cite *McLaughlin v. Richland Shoe Co*., 486 U.S. 128 (1988) and claim that "the Plaintiff has the burden to show that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." (*Id. @ p.13 (emphasis in original)*).

For non-willful FLSA violations, a two-year statute of limitations applies and when the violation is willful, a three-year statute of limitations applies.  29 U.S.C. § 255(a).  This issue of willfulness cannot be resolved in a summary judgment motion because the Fourth Circuit upheld the district court's determination that Food Lion's violation of the FLSA was willful and based on credibility.  *Lyle v. Food Lion, Inc*., 954 F.2d 984 (4th Cir.1992).   Lyle and his co-plaintiff were both hourly employees at a Food Lion store and they both alleged that they worked uncompensated overtime hours.  Following a bench trial, the district court noted the issue required the court to assess witness credibility.  Finding the employees more credible, the district judge found in favor of the Plaintiffs.  After noting the highly deferential standard applicable to a judge's credibility determination, the Fourth Circuit upheld the decision in *Lyle v. Food Lion, Inc*.

In *Martin v. Deiriggi*, the Fourth Circuit again upheld a determination of willfulness.  985 F.2d 129, 136 (4th Cir.1992).  The U.S. District Court of West Virginia conducted a bench trial, and rested its finding of willfulness in part on witness credibility.

15

**G.    Defendants Argument that Plaintiffs Claims For Unpaid Overtime Under
The Maryland Wage and Hour Law are Preempted Ignores Case Law
Holding that Maryland Wage and Hour Laws Are Not Preempted**

Defendants assert that "[v]iable FLSA claims are an exclusive remedy, and preclude state

claims.  State claims under the MWHL and MWPCL are preempted by the FLSA."  (*See

Defendant's Memorandum in Support @ p. 14)*.  Defendants arguments are absurd in light of

their failure to address or even acknowledge the existence of the case of *Knepper, et al. v. Rite

Aid Corporation*, 675 F.3d 249 (3rd Cir. 2012).  In *Knepper*, a litigant had initiated a Rule

23(b)(3) class action lawsuit in the District of Maryland, seeking damages for misclassification

as overtime-exempt under the MWHL and MWPCL.  The District of Maryland dismissed the

MWPCL claims ruling that the statute does not govern claims to overtime pay, but dismissed the

claim the MWHL without prejudice under the "first-filed" rule, deferring to the Middle District

of Pennsylvania.  The litigant then refiled his class action in the Middle District of

Pennsylvania, which, *inter alia*, analyzed whether the FLSA preempted the MWHL.  675 F.3d @

252, 262.  The Third Circuit reviewed *Anderson v. Sara Lee Corp.*, 508 F.3d 181 (4th Cir. 2007),

the very case that Defendants rely on to support their preemption argument, and held the MWHL

claims are not preempted.  *Id.* @ 263-64.

About *Anderson v. Sara Lee Corp.*, the Third Circuit stated that:

> In *Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir.2007)*, the
> Court of Appeals for the Fourth Circuit ruled that plaintiffs' claims
> under North Carolina's "contract, negligence, and fraud" laws were
> preempted by the FLSA. But *Anderson* is readily distinguishable
> because none of the state laws at issue created the substantive
> rights that had been allegedly violated. Instead, the court noted, the
> plaintiffs "rely on the FLSA for their rights, and invoke state law
> only as the source of remedies for the alleged FLSA
> violations."*Anderson, 508 F.3d at 193*.
>
> The court sensibly declined to allow the plaintiffs to use state non-
> labor laws to enforce the substantive provisions of the FLSA,

analogizing their decision to an earlier holding that plaintiffs could not enforce their FLSA rights through a § 1983 action. *Id.* at 193-94 (citing *Kendall,* 174 F.3d 437). By contrast, plaintiffs here do not seek to enforce rights conferred under the FLSA through state-law remedies; they seek instead to enforce rights granted by independent state employment laws through a federal remedy. *See Martinez-Hernandez v. Butterball, LLC,* 578 F.Supp.2d 816, 819-21 (E.D.N.C.2008) (holding that plaintiffs' claims under state statutory minimum wage and overtime laws are not preempted under the FLSA because "unlike *Anderson* . . . plaintiffs are not merely using state law to enforce their rights under the FLSA"). We cannot conclude that plaintiffs are doing an "end run" around the requirements of the FLSA simply because state legislatures made the policy decision to track federal standards in enacting their own labor laws.

In sum, there is no evidence that Congress intended the FLSA to preempt the MWHL. . . . We will affirm the District Court's judgment that the state laws at issue are not preempted.

*Knepper,* 675 F.3d @ 263-64.  Another case oddly cited by Defendants,  *Martinez-Hernandez v. Butterball, LLC,* 578 F.Supp.2d 816 (E.D.N.C. 2008), in support of Defendants preemption argument actually holds the opposite as noted in *Knepper, supra.*

As in *Knepper,* Plaintiffs are not attempting to use Maryland state non-labor law remedies, i.e., Maryland common law, to enforce the substantive provisions of the FLSA.  Rather, Plaintiffs seek instead to enforce rights granted by independent Maryland state employment laws through a federal remedy.  Plaintiffs are clearly not preempted from doing by the FLSA.

## II.   <u>CONCLUSION</u>

The Defendants' Motion for Summary Judgment with its fifteen exhibits, totaling 136 pages, possibly the entire case file, but which do not include affidavits in compliance with Rule 56(e), should be denied.

Respectfully submitted,

_____/s/_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
Attorney for Plaintiffs
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail:  jhwang@ki-hwang.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 3rd day of August, 2013, a copy of the foregoing was

sent via the Court's e-filing system to:

Patrick S. Preller, Esq.
The Law Office of Patrick S. Preller
218 E. Lexington Street, Suite 700
Baltimore, Maryland 21202

*Attorneys for Defendants*

_____/s/_____
Jae S. Hwang, Federal Bar No. 17776
Ki & Hwang
Attorney for Plaintiffs
15800 Crabbs Branch Way, Suite 310
Rockville, Maryland 20855
Phone: 240.477.7738
Fax: 240.715.9116
E-Mail: jhwang@ki-hwang.com