IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KARLA PATRICIA IRAHETA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD-12-1426 |
| | ) | |
| LAM YUEN, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before this Court is Defendants' Motion for Summary Judgment and Alternatively for Partial Summary Judgment ("Defendants' Motion") (Docket Item No. 32). The Court has reviewed Defendants' Motion, and the opposition thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the following reasons, the Court hereby DENIES Defendants' Motion.

### I. Background

On May 10, 2012, Plaintiffs' filed their Complaint alleging violations of wage hour and payment laws. Specifically, Plaintiffs contend they were employed by Defendants in the bakery and cooking operations at Defendants' Nebel Street location. Plaintiffs claim they were not paid minimum and overtime wages in compliance with state and federal law. They also contend they were always paid in cash, and never received documentation of pay as required by state law. Plaintiff Karla Iraheta contends that she was employed by Defendants from March 28, 2003 through April 3, 2012. Plaintiff Carolina Castillo contends that she was employed by Defendants from September 15, 2006 through November 14, 2012. Plaintiff Iraheta also contends that she was not paid for her last three days of work. Defendants now move for summary judgment.

1

## II. Discussion

### A. Standard of Review

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. Anderson, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1986). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." Felty v. Grave-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

### B. Defendants' Motion Does Not Have a Supporting Affidavit or Other Record Evidence.

Plaintiffs correctly note that Defendants have failed to submit supporting affidavits that comply with Fed. R. Civ. P. 56(c). As stated more fully:

> **(1) Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motions only), admissions, interrogatory answers, or other materials; or

**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56 (c)(1)(A) and (B). The totality of Defendants attempt to satisfy the rule is the following statement, "I declare under penalty of perjury under the laws of the United States of America that to the best of my knowledge the contents of the foregoing Motion are true and correct." Defs.' Mem. 15. This is insufficient.

Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the court's consideration, and they include: pleadings, depositions, answers to interrogatories, admissions, and any affidavits. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323. Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath.[1] The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic.

The Rule 56 requirements for summary judgment "help assure the fair and prompt disposition of cases." Orsi, 999 F.2d at 91. "They also allow a district court to ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial." Id. The rationale behind the Rule 56 requirements shines brightly in

---

[1] "Admissions" are even more dispositive of an issue than the other forms of reliable evidence. Admissions are the nuclear weapon in the arsenal of litigation in that admissions may have a conclusive impact upon a factual dispute.

3

applying Rule 56. The Court is of the opinion that, in the present context, the materials offered in Defendants' Motion should meet the Rule 56 standard of authenticity.

Moving parties are not required to submit materials supporting their motions for summary judgment. However, these Defendants rightly submitted supporting documents because those materials appear necessary to their argument and the satisfaction of their initial burden. In the absence of these supporting documents, the Court has no basis to grant Defendants' Motions. However, the Court finds that it cannot consider the materials in their current form. In failing to satisfy their initial burden, Defendants cannot demonstrate the absence of a dispute of material fact, and Defendants' Motions must fail.

> i. *In the Fourth Circuit, materials considered in summary judgment must be authentic.*
>
> > a. *Fourth Circuit jurisprudence regarding the Rule 56 evidentiary standard uses broad language, indicating application to both moving and non-moving parties.*

In the Fourth Circuit, there is ample jurisprudence regarding the quality of materials presented to a court by a party opposing a motion for summary judgment. See generally sections (B)(i)(b) and (c) below. However, the authority is less explicit on the requisite standard of evidence for documentary materials that a moving party submits. Although the authority is less explicit, courts in the Fourth Circuit consistently use broad language indicating application of the same standard to both the moving and non-moving parties at summary judgment. The District of Maryland has also used broad language indicating this standard's equal application.

> b. *Documents considered on summary judgment must be authenticated; the Court must have evidence that documents are what they purport to be.*

"It is well established that that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi, 999 F.2d at 92. See also DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947, at *6 (D. Md. Aug. 26, 2009) (documents considered on summary judgment must be "authenticated by either an affidavit or deposition"); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386, at *4 (D. Md. June 25, 2008) (party may not rely on unauthenticated documents in support of summary judgment)[2]; Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 536, 541-42 (D. Md. 2007) ("unsworn, unauthenticated documents cannot be considered on a motion for summary judgment") (quoting Miskin v. Baxter Healthcare Corp., 107 F. Supp. 2d 669 (D. Md. 1999), also includes significant discussion of the standard for proving authenticity); Stanley Martin Co., Inc. v. Universal Forest Prod. Shoffner, LLC, 396 F. Supp. 2d 606, 612-13 (D. Md. 2005) (materials were admitted because they were sufficiently authenticated). The critical factor for authentication is demonstrating "through evidence … a finding that the document is what the proponent claims." Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (citing Fed. R. Evid. 901). The question of how a document offered by a moving party may be authenticated was specifically addressed by the court in Stanley Martin. There, the court recognized that if a document satisfied Fed. R. Evid. 901, it would be sufficiently authenticated for consideration on summary judgment. Id., at 612-13. Stanley Martin is particularly relevant to the present case because it examined evidence introduced by the

---

[2] The Court acknowledges that most of these opinions are unpublished; however, they remain instructive as cases within a larger body of law suggesting a consistent standard within the Fourth Circuit.

party moving for summary judgment. Like in Stanley Martin, it is critical here to know that the documents relied upon are what they purport to be.

Further, the Fourth Circuit Court of Appeals generally requires those opposing motions for summary judgment to submit supporting materials that are admissible at trial. Lorraine, 241 F.R.D. at 535 ("to be entitled to consideration on summary judgment, the evidence supporting the facts set forth by the parties must be such as would be admissible in evidence"). Although these cases in the Fourth Circuit specifically concern the non-moving party's materials, in each case the Court uses clear, broad language in declaring the standard for evidence submitted. For a non-moving party with the burden of proof at trial, "[m]aterial that is inadmissible will not be considered on a summary-judgment motion because it would not establish a genuine issue of material fact if offered at trial and continuing the action would be useless." Wright & Miller, Federal Practice and Procedure § 2727 (2010). Likewise, it stands to reason that for a moving party without the burden of proof at trial, evidence lacking authenticity cannot establish the absence of material dispute resulting in the fatal disposition of a case.[3]

        *c. Affidavits can provide the requisite authentication for documents considered at summary judgment.*

Rule 56, though, "is not unfailingly rigid." United States Dep't. of Housing and Urban Affairs v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 n.8 (4th Cir. 1995). "Evidence appropriate for summary judgment need not be in a form that would be admissible at trial … Rule 56(e) permits a proper summary judgment motion to be opposed by

---

[3] A similar rationale is applicable regarding the use of hearsay. See e.g., Greensboro Prof'l Fire Fighters Ass'n Local 3157 v. Greensboro, 64 F.3d 962, 967 (4th Cir. 1995) ("evidence that is inadmissible at trial is not admissible for summary judgment"); United States Dept. of Housing and Urban Dev. v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 (4th Cir. 1995) ("hearsay, like other evidence inadmissible at trial, is ordinarily an inadequate basis for summary judgment"); Maryland Highways Contractors Ass'n. Inc., v. Maryland, 933 F.2d 1246, 1251-52 (4th Cir. 1991) (citing, among others, Rohrbough v. Wyeth Lab., Inc., 916 F.2d 970, 973-74 n.8 (4th Cir. 1990)).

any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex Corp., 477 U.S. at 324. See also Global Policy Partners v. Yessin, No. 1:09cv859, 2010 WL 675241, at *6 (E.D. Va. Feb. 18, 2010) ("It is clear that evidence not in a form admissible at trial may nonetheless be considered in summary judgment."); Lorraine, 241 F.R.D. at 537-38. A "nonmoving party could defeat summary judgment with materials capable of being reduced to admissible evidence at trial." Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d at 926 n.8 (citing Celotex, 477 U.S. at 327). While admissibility is important, authenticity is indispensible. The Court must have confidence in the evidence it considers, particularly when it is contemplating a dispositive motion.

Affidavits are one such permissible form of authentication at summary judgment and are explicitly mentioned as such in Rule 56. "[T]o be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" Orsi, 999 F.2d 86, 92 (4th Cir. 1993) (quoting Wright and Miller, Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)). See also B & J Enter. v. Giordano, 329 Fed. Appx. 411, 415 (4th Cir. 2009); DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009); Meyers v. Lazer Spot, Inc., No. L-05-3407, 2008 WL 2609386 at *4 (D. Md. June 25, 2008); Lorraine, 241 F.R.D. at 537-38. In the context of summary judgment, affidavits must meet the requirements set forth in Rule 56, and affidavits that fail to meet these requirements are insufficient to authenticate materials. See DeBlois v. Gensel, No. CCB-07-2596, 2009 WL 2713947 at *1 n. 1 (D. Md. Aug. 26, 2009). A document can be rendered inadmissible on summary judgment if its affidavit does not meet the Rule 56 requirements. Similarly, it stands to reason that a document with no supporting affidavit also

cannot be considered on summary judgment. In the present case, Defendants do not present the Court with any affidavits authenticating the documents they submit.[4]

As Stanley Martin indicated, the value supporting the Rule 56 standards for affidavits is found in Federal Rule of Evidence 901 – that the item is what it purports to be. Fed. R. Evid. 901; Stanley Martin Co., Inc., 396 F. Supp. 2d at 613 (where materials were admissible on summary judgment because they met the Rule 901 standard for authenticity). In summary judgment "a party seeking to admit an exhibit need only make out a prima facie case showing that this is what he or she claims it to be." Lorraine, 241 F.R.D. at 542. Under the Federal Rules of Evidence, documents are rarely admitted on their face. More often, a foundation must be laid which at least supports a colorable argument for authenticity. The document may be admissible for other reasons, but the Court should have comfort in knowing that it is authentic. In summary judgment, a proper affidavit achieves this goal. This "requirement of authentication and identification also insures that evidence is trustworthy" in summary judgment. Id. The affidavits assure the Court that the evidence used to make its decision is authentic, and therefore the dispositive decision is reliable.

Rule 56 and Fourth Circuit jurisprudence make clear that the Court cannot merely rely on documents produced in discovery. By design, discovery unearths material that is inadmissible, such as: hearsay, opinion testimony, and theories. Rule 56 mandates a higher standard. Discovery mandates disclosing materials "reasonably calculated to lead to the discovery

---

[4] This Court recognizes that affidavits are not the only way a document may be authenticated for summary judgment. Affidavits are not required for authentication, but a document may only be admitted for summary judgment without an affidavit if it is otherwise admissible. Stanley Martin Co., Inc., 396 F. Supp. 2d at 612. Here, Defendants neither submitted authenticating documents, nor were the exhibits they submitted otherwise admissible.

admissible evidence." Fed. R. Civ. P. 26(a)(1). However, summary judgment requires information sufficiently authentic to support the ruling of the Court.

> d. *Other United States Courts of Appeals also require that all materials submitted on summary judgment are authenticated.*

Some Federal Circuits have held explicitly that materials submitted in support of a motion for summary judgment must be admissible. See e.g., Woods v. City of Chicago, 234 F.3d 979 (2d Cir. 2000) (a "court may consider any evidence that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits."); Walker v. Wayne Cnty, Iowa, 850 F.2d 433, 435 (8th Cir. 1988) ("without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion" for summary judgment). Other United States Courts of Appeals have signaled that materials submitted for consideration on summary judgment by either the moving or non-moving parties must meet the Rule 56 standard. Though these cases evaluate evidence submitted by non-moving parties, they remain relevant here because these Courts use broad language which does not differentiate between moving and non-moving parties and speaks to evidence generally. See e.g., Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). The general standard is expressed well in Goguen ex rel. Estate of Goguen v. Textron, Inc., 234 F.R.D. 13 (D. Mass. 2006):

> Generally speaking, evidence must be admissible at trial in order to be considered on summary judgment. A significant exception is affidavits; under Rule Fed. R. Civ. P. 56(e), affidavits, although not themselves admissible at trial, may be offered in support of, or opposition to, summary judgment if they set forth facts that would be admissible under the Federal Rules of Evidence.

Id., at 16 (internal citations omitted). This Court finds the approach of the District of Massachusetts to be logically sound in that it treats the submissions from both parties with procedural equality.

There is no representation that any portion of Defendants' Motion is based upon personal knowledge. The affidavit does not provide the necessary foundations which would allow the Court to determine the admissibility of evidence. The affidavit does not attest to the competency of any defendant to provide testimony. Defendants' Exhibit 2 ("Stan Lam's Answers to Interrogatories") is likewise not signed or submitted under oath. Accordingly, the Court will give no weight to any factual aspect of Defendants' Motion.

### C.     There is a genuine dispute of material fact as to whether Plaintiffs were paid.

Defendants suggest that there can be no dispute of material fact as to whether Plaintiffs were paid. In doing so, Defendants provide time logs which purport to "flatly contradict Plaintiffs allegations in their Amended Complaint." Defs.' Mem. 7. First, Defendants make no effort to provide an evidentiary basis for the Court to consider the substance of the logs. Second, even if admissible, Defendants demonstration of a "contradiction" does not equate to a showing of "no dispute of material fact." Conversely, it is Plaintiffs who have provided record evidence of hours worked and the failure to be paid. See Plaintiffs' Opposition, Affidavit of Karla Patricia Iraheta ("Iraheta Aff.") attached as Exhibit 1, and Affidavit of Carolina Castillo ("Castillo Aff.") attached as Exhibit 2.

Defendants wrongly assume that Plaintiffs must have documentary evidence and precise dates of employment to support their claims. Defendants concerns merely provide argument for the weight that is to be afforded any testimony offered, not admissibility. It is the defense that

has the burden of demonstrating the entitlement to judgment as a matter of law. Defendants have failed to do so.

        **D.**        **The Issue of "Willfulness" is a Question of Fact.**

Ordinarily, a two year statute of limitations is applicable to Plaintiffs' FMLA claims. However, the act also provides for a longer limitations period where it is demonstrated that a defendant's conduct is the result of "willful" misconduct. In pertinent part, the statute indicates that a "cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255 (a). In determining what is "willful," the courts look to whether "the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the statute. Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128 (1985). While the Thurston decision concerned the Age Discrimination in Employment Act, like the FMLA, the question of "willfulness" is governed by the Portal-to-Portal Act of 1947 set forth at 29 U.S.C. § 255.

It is clear from Thurston that the question of "willfulness" is uniquely factual. As with any other factual issue, if the record evidence at this stage of the proceedings fails to create a factual dispute, the Court can rule as a matter of law. Plaintiffs here, direct the Court to Lyle v. Food Lion, Inc., 954 F.2d 984 (4th Cir. 1992). In Lyle, the trial court found credible the plaintiffs' testimony that they worked a number of hours "off the clock," and allowed them to recover for a three year period. The plaintiffs had to prove not only the hours worked, but also the knowledge of the employer defendant. The trial court stated that its decision "hinges on a credibility determination," especially as it conflicted with testimony from the defendant that it

11

"had no such knowledge." Id. at 987. The appellate court validated this approach in affirming in part.

While Defendants are correct to argue that Plaintiffs bear the burden of proving that they "knew or showed reckless disregard" for the conduct governed by the FMLA, on this record, it is not the proper subject for the granting of Defendants' Motion. In the affidavit of Ms. Castillo, she states in part, "We were told to punch the cards even when the days of the week were not correct. For example, I was made to punch the time card, 'out' and then was forced to continue working." Castillo Aff. ¶ 22. The affidavit also presents other evidence which could be relevant to the issue of willfulness. Simply put, Plaintiffs have presented sufficient evidence to raise an issue of material dispute. The question of the applicable period of limitations will depend on the facts presented at trial.

### E.     Defendants Have Not Met Their Burden of Showing "Good Faith."

Much of the evidence which demonstrates the existence of a factual dispute on the question of "willfulness" as set forth above, also demonstrates the existence of a factual dispute on the question of "good faith." Under the label of "willfulness," it is Plaintiffs' burden to demonstrate knowledge or reckless disregard of the requirements of the statute. Conversely, under the label of "good faith," it is Defendants' burden to demonstrate a satisfaction of this subjective component, with reasonable grounds, in order to avert the imposition of liquidated damages. Defendants correctly state, a court may "relieve the employer from liability for liquidated damages if the employer demonstrates that the 'act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that [the employer's] act or omission was not a violation of the [FMLA].'" (quoting Chao v. Self Pride,

12

Inc., RDB 03-3409, 2005 WL 1400740 at *11 (D. Md. June 14, 2005)). Defs.' Mot. 10. The court went on to restate the principle that double/liquidated damages are the norm and that it is the defense that must show by "plain and substantial evidence" that the defendants acted with subjective good faith. Id. See also Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997).

Defendants' Motion reflects no record evidence of "good faith," while Plaintiffs' evidence has sufficiently generated a factual dispute. Like Ms. Castillo's affidavit above, Plaintiff Iraheta avers, "I was required to work after punching the card, 'out.' Denis Lam would come to the Nebel Street location around 4:30-5:00 p.m. and say that I needed to finish the work." Iraheta Aff. ¶ 14. Defendants' Motion is without record support.

### F. Plaintiffs' State Law Claims are not Preempted by the FLSA.

Defendants argue that Plaintiffs' state law claims under the Maryland Wage Payment Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl., §§3-501 et seq., (LexisNexis 2008) and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., §§3-401 et seq., are "duplicative," "precluded" and "preempted" by the FLSA. Defs.' Mem. 14. This Court is not persuaded.

Generally speaking, the FLSA sets a floor for employee wages and hours in certain fields and positions affecting interstate commerce. It requires the payment of wages amounting to at least "time and a half" for overtime services, that is, for hours worked in excess of forty hours per week. 29 U.S.C. §206 et seq. The MWHL is similar, but not identical, to the FLSA in that it sets a statewide minimum wage and has the same provision for the payment of overtime wages. Conversely, the MWPCL speaks to the setting of regular pay periods, methods of payment, the issuance of earnings statements, and payments upon the termination of employment. It does not

address any issues regarding the amount of wages to be paid. As the FLSA and MWPCL are most dissimilar, it is easy to understand the absence of preemption by way of the subject matter alone. However, the relevant case law places a finer point on the subject.

In Anderson v. Sara Lee Corp., 508 F.3d 181 (4th Cir. 2007), the court made clear that where claims made under state law are merely duplicative of FLSA claims, then the state law claims are preempted. Id. at 194. Understanding the import of the decision requires a closer look at the specifics of the case. In Anderson, the plaintiffs were merely superimposing state law claims on top of obligations created by the FLSA, while invoking state law "as the source of remedies." Id. at 193. In the end, the court states that the plaintiffs cannot blend the substantive law and remedies in such a fashion. The FLSA provides its own enforcement scheme and the remedies which must be used in the event of a violation of federal law. As the court noted, "we must hold today that Congress prescribed exclusive remedies in the FLSA for violations of its mandates." Id. at 194.

Equally important in the Anderson decision was the express recognition that the federal government "did not intend to override the States' traditional role in protecting the health and safety" of its citizens. Id. at 193. The FLSA has a "savings clause" that permits the states to provide more benefits to than those imposed by its federal floor. Congress has not preempted this field of law. More accurately stated, Congress has merely set minimum standards.

Last year, another federal appellate court weighed in on the subject as it applies to Maryland law. Knepper v. Rite Aid Corp., 675 F.3d 249 (3rd Cir. 2012) explicitly determined that the FLSA does not preempt the MWHL. The court noted that,

> a finding of preemption here would bar enforcement of all state
> wage and hour laws that did not exceed the standards of the FLSA,

14

> a significant intrusion on state authority and a reversal of the traditional presumption against preemption, which is particularly strong given states' lengthy history of regulating employees' wages and hours.

Id. at 262. Moreover, the court considered the Anderson decision and found the state laws in question there to be "readily distinguishable." In Anderson, none of the state laws created substantive rights. The plaintiffs in Knepper, however, were relying on independent state employment laws. Id. at 263. See also, Martinez-Hernandez v. Butterball, LLC, 578 F. Supp. 2d 816, 819 (E.D.N.C. 2008) ("the Fourth Circuit did not conclude that the FLSA generally preempts North Carolina's Wage and Hour Act") (emphasis in original).

At the end of the day, the FLSA does not preempt either of Maryland's laws dealing with wages and payment. Even on a factual level, the Court takes judicial notice that in 2007 the minimum wage under the FLSA was $5.85 per hour, while under state law it was $6.15 per hour. The "savings clause" language of the FLSA would allow Plaintiffs to pursue the state law remedies which are more "plaintiff friendly" for that period. Additionally, the MWPCL has no counterpart under the FLSA. Plaintiffs also claim that earning statements were not provided, and that unauthorized deductions were taken from their wages in violation of state law. Like the other contentions raised earlier, Defendants have not demonstrated an entitlement to summary judgment here.

### III. Conclusion

For the above-cited reasons, the Court DENIES Defendants' Motion for Summary Judgment. The Court will enter a separate Order consistent with this opinion.

December 18, 2013                              /s/
                                        Charles B. Day
                                        United States Magistrate Judge

CBD/bab